Nash, J.
 

 The indictment in this case charges, “that James A. Jones, late of, &c., at with force and arms in said County, on the 25th day of March, 1848, did publicly curse and swear and take the name of Almighty God in vain, for a long time, to-wit; for the space of two hours, to the common nuisance of all the citizens of the State, and against the peace and dignity of the State.” The indictment further charged the defendant with going armed with a loaded gun, during the same time. The defendant was convicted.
 

 For single acts of profane swearing, the laws of this
 
 *40
 
 State have provided a remedy, which is,'by the legislative power, deemed adequate to its punishment, to-wit : a fine for each act, to be imposed by a single magistrate, upon conviction before him.
 
 Rev. Stat. Ch.
 
 118,
 
 Sec. 2.
 
 To render the crime indictable, the acts must be so repeated and public, as to become an annoyance and inconvenience to the public, for they then constitute a public nuisance.
 
 State
 
 v.
 
 Ellar,
 
 1 Dev. 207.
 
 State
 
 v.
 
 Deberry,
 
 5 Ire. 371. The perpetration is, in that case, subject to an indictment. Thus, if a man is an habitual profane swearer and indulges in the vice in public, so as to become an annoyance and inconvenience to the public, in the language of Chief-Justice Taylor in
 
 Ellar’s
 
 case, or to become inconvenient and troublesome, in that of Judge Gaston in
 
 Baldwin’s
 
 case, 1* Dev. & Bat. 197, he commits an offence against the criminal law and is indictable.
 
 States. Waller,
 
 3 Mur. 229. But it is not sufficient to the conviction of the defendant, that the State should show by its evidence that the defendant has been guilty of a nuisance — the indictment must charge it — it must set forth specially the whole fact, with such certainty that the Court may be able to see, judicially, that it rests on sufficient grounds. Nor will it be sufficient, if the bill charges, that the acts were done “to the common nuisance of all the good citizens of the State,” unless the acts so charged, in law, amount to a nuisance. This is shown by the authorities, before referred to. In
 
 Waller’s
 
 Case, the charge was, that the defendant “was a common, gross, and notorious drunkard,” &c , and “on divers other days and times,” &c., “got grossly drunk and committed open and notorious drunkenness.” Judgment was arrested, because drunkenness becomes amenable to the municipal law as a crime, only when it is practised openly and in the view of the public, which was not charged in the indictment. The case of
 
 Ellar,
 
 is a stronger one, and more directly in point. There, the charge was, that
 
 *41
 
 the defendant, being an evil disposed person, “did, in the public street oí Jeiferson, profanely curse and swear and take the name of Almighty God in vain, to the evil example,” &c., and “to the common nuisance of the good citizens of the State.” There the judgment was reversed, because the indictment did not charge, that the defendant was a common profane swearer, and did not set forth acts, amounting to a common nuisance. This decision took place in 1837, and has ever since been followed an'd considered as sound and correct. It has been repeatedly decided by this Court, that profane swearing is- not punishable by indictment* in this State, when Committed in£ single acts; but to make it so, it has been intimated by several Judges, it must be perpetrated so publicly and repeatedly, as to become an annoyance and inconvenience to the citizens at large.
 
 State
 
 v.
 
 Brown, 3
 
 Mur. 224.
 
 State
 
 v.
 
 Baldwin,
 
 1 Dev. & Bat. 195. In the case before" us, the indictment does not charge the defendant with be* ing a common and notorious profane swearer. Neither' do the acts set forth in themselves imply, necessarily, that they were done in public, so as to be an annoyance to the citizens at large. For any thing appearing on the indictment, in connection with- this charge,- the cursing' and swearing might have been on the public highway, and' not in the hearing of any person whatever.- We" have seen that the word public or publicly, will not supply the averment of the presence of people to be annoyed;for if the act complained of can be considered free from legal guilt, it shall be so considered, until the contrary is made to appear. We consider the act,- set forth in the indictment, as coming under the statute punishing profane swearing by a penalty.
 

 The indictment further charges, that the defendant “did then and there go armed with and carry a certain gun, loaded with powder and lead, to the great terror of alf
 
 *42
 
 the good citizens then and there assembled.” Upon this charge no evidence was given.
 

 The appeal in this case was for error, in the charge of his Honor, the presiding Judge. For the same reason, upon which we have held the indictment insufficient, we must hold the evidence did not establish an indictable offence.
 

 Judgment must, therefore, be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Ordered to be certified accordingly.