STATE v. LEONARD PEPPER.

To make profane swearing a nuisance, the profanity charged must be uttered in the hearing of divers persons; and it must be charged in the bill of indictment, and proved to have been so uttered. The general allegation *ad commune nocumentum* is insufficient.

*Hence,* where the indictment is alleged that the defendant " in the public streets of the town of L., with force and arms, and to the great displeasure of Almighty God, and the common nuisance of all good citizens of the State then and there assembled, did, for a long time, to-wit: for the space of twelve seconds, profanely curse and swear, and take the name of Almighty God in vain, to the common nuisance, &c.: *Held* that no criminal offence was therein charged.

(*State* v. *Jones,* 9 Ired. 38; *State* v. *Waller,* 3 Mur. 229, cited and approved. *State* v. *Roper,* 1 Dev. & Bat. 208, commented on.)

CRIMINAL ACTION tried before *Russell, J.,* at the Fall Term, 1872, of ROBESON Superior Court.

The defendant was indicted for a common nuisance. The allegation in the bill of indictment charging the offense is set out in the opinion of this Court.

On the trial below his Honor charged the jury, that if the defendant went into the streets in the night, and by loud talking and by profane and objectionable language, disturbed and annoyed the citizens generally, that he was guilty; that the question was not whether he disturbed particular persons, but whether his conduct annoyed and disturbed the neighborhood. That the offence was sufficiently set forth, inasmuch as the bill of indictment charged it to have been in the streets of a town, and in the presence or hearing of the inhabitants, and to their nuisance.

The defendant was found guilty. Judgment and appeal.

No counsel for defendant, in this Court.

*Attorney General Hargrove,* for the State.

RODMAN, J. The Attorney General moved to dismiss the defendant's appeal, because he had neither given an appeal

bond or made the affidavit of inability and filed an opinion of counsel in lieu of it, as provided by the act of 1869–'70, chap. 196. He afterwards, however, argued the case on its merits, thereby waiving his motion to dismiss the appeal. He had a right to do this, and we have no disposition, perhaps no right, to revise his discretion. But we may say generally, that inasmuch as it never can be to the interest of the State for one of its citizens to suffer punishment, unless he has been legally charged with and found guilty of some crime, a public prosecutor acts within the spirit of the law, if he forbears to insist on a strict compliance with its terms, when he has reason to believe that a question of reasonable doubt is presented by the record ; that the failure to comply was the result of ignorance or accident, and that his forbearance is not likely to prejudice the just claims of the State.

The only question which it is necessary· to consider, arise on the face of the indictment. Does it charge any criminal offence ?

It charges that the defendant, " in the public streets of the town of Lumberton, with force and arms, and to the great displeasure of Almighty God, and the common nuisance of all the good citizens of the State, then and there being assembled, did, for a long time, to-wit: for the space of twelve seconds, profanely curse and swear and take the name of Almighty God in vain, to the common nuisance as aforesaid, &c.

We think no indictable offence is charged, and that the indictment is defective in several respects.

1. In the learned and instructive opinion of the Court in *State* v. *Jones,* 9 Ired. 38, delivered by NASH, J., it is said that a single act of profane swearing is not indictable. The acts must be so repeated in public as to have become an annoyance and inconvenience to the public. The fact must be so, and it must be so charged. That is not charged in the bill

before us. The question is too clear, both upon reason and authority, to require more to be said.

To make profane swearing a nuisance, the profanity must be uttered in the hearing of divers persons, and it must be charged in the bill to have been so uttered. This principle is fully established by the *State* v. *Jones*, and the cases there cited, especially *State* v. *Waller*, 3 Mur. 229, which was an indictment for drunkenness.

In this case the averment that the profanity was, " to the common nuisance of all the good citizens of the State then and there being assembled," is equivocal. Taken literally it would mean that all the citizens of the State were assembled in Lumberton on this occasion; which would be absurd. If it be understood as alleging that the profanity was to the nuisance of all *such* citizens of the State, *as* were then and there assembled, it is not a direct and positive averment that any citizens were so assembled. The averment might be true, although there were no persons assembled. It is not the same as saying, "in the presence of divers persons being then and there assembled;" for that contains a direct averment of the presence of divers persons.

We were referred to the *State* v. *Roper*, 1 Dev. & Bat. 208, as an authority that it was not necessary to charge the act to have been done in the presence of any person; it being charged to have been done in a public place.

In that case the indictment charged the defendant with an indecent exposure of his person on a public highway, but omitted to allege that it was in the presence of divers persons or of any person.

GASTON, J., delivering the opinion of the Court, says, that such allegation was unnecessary, it was sufficient if it was probable from the circumstances, that the exposure could have been seen by the public, and the indictment was sustained. The authority upon which that decision professes

to be founded, is *The King* v. *Crunden*, 2 Camp. 89. But we conceive that case does not sustain *the form of indictment* adopted in *State* v. *Roper*.

The form of the indictment in *King* v. *Crunden*, is given in 2 Chit. Cr. Law 41, from which it appears that it was charged in both Courts that the defendant exposed himself naked in a public place, and "in the presence of divers of the King's subjects." The evidence was that the defendant bathed in the sea at Brighton, near to and in front of a row of inhabited houses. Although there was no direct evidence that any occupant of the houses or others had seen him, yet clearly there was evidence from which the jury might have inferred that they did. The most that can be gathered from that case is, that if one person, (the witness,) saw the indecent exposure, and others were actually present and might have seen it, though there is no proof that they did, "yet the law recognizes the probable risk of their seeing it, as sufficiently proximate to be dealt with as a reality." Note 7 to *Regina* v. *Webb*, 1 Dew. Cr. C. 338.

In the case last cited, the indictment charged that the defendant exposed his person "in a public place in a certain victualling, ale house in the presence of one M. A., the wife of E. C. *and of divers others, &c.*" The evidence was that the defendant exposed his person to the view of M. A., she alone being present. The Court doubted about the sufficiency of the indictment, upon grounds not pertinent to the present point, and held, that if the words, "of divers others," had been omitted, it would have been bad, and as this allegation was not proved, there was nó evidence to support this conviction. See also *Rex* v. *Watson*, 2 Cox Cr. Cas. 376.

These cases establish, that when the nuisance charged is an offence to the sense of sight, it must be charged and proved that it was exposed to the view of divers persons.

3. And it follows that when the nuisance charged is an

offence to the sense of hearing, it must be charged and proved that the profane swearing, which constitutes the offence, was *heard* by divers persons. The general allegation "*ad commune nocumentum,*" is not sufficient.

In *Rex* v. *Loyd,* 4 Esp. 200, it was held that the noise made by a tinner in the course of his work, was not an indictable nuisance, because it annoyed only the occupants of three chambers in Lincoln's Inn.

In *Regina* v. *Webb,* PATTERSON, J., said that the usual and proper form of an indictment for an indecent exposure, was, to charge not only that it was committed in the presence of divers persons, but also that it was "to their view."

In 2 Bish. Cr. Prac. 97, is given the form of an indictment for blasphemy and profanity, in which the words are charged to have been uttered "in the presence and *hearing* of divers," &c.

In this case it is not charged that the profane words were uttered in the *hearing* of any one. Mere presence in the town of Lumberton, or in the public street would not, (fortunately perhaps for the citizens,) imply a hearing of all that was spoken there.

4. In *State* v. *Jones,* it seems to be held necessary to set out the profane words in order that the Court may decide as to their quality; and in the precedent in Bishop, the words are set out. This would seem to be in accordance with principle.

The judgment is arrested, and this opinion will be certified to the Superior Court of Robeson, in order that the defendant may be acquitted and discharged.

PER CURIAM.                    Judgment arrested.