## STATE v. STEPHEN POWELL.

An indictment, in which it is charged that the defendant "did profanely curse and swear, and take the name of Almighty God in vain," &c., "to the common nuisance," &c., charges no offence, and cannot be sustained.

(*State* v. *Pepper*, 68 N. C. Rep. 259, cited and approved.)

INDICTMENT, for profane swearing, tried before *Clarke, J.*, at the Fall Term, 1873, of ROBESON Superior Court.

The defendant was charged, in the indictment, that he did, at divers times, in the streets of the town of Lumberton, "profanely curse and swear, and take the name of Almighty God in vain," concluding to the common nuisance, &c.

It was proved that the defendant was in the habit of using profane language, so loud that he could be heard to a distance of 200 or 300 yards; that he would curse on the streets from dark until 10 o'clock at night, and that persons in the streets and houses heard him; that he would curse and swear for two or three hours at a time.

His Honor charged the jury, that if the defendant continuously and habitually profanely cursed and swore, to the nuisance and inconvenience of the neighbors, and to the disturbance of the good order and peace of the community, they would find him guilty.

Verdict, guilty. Motion for a new trial; motion refused; defendant appealed.

*Battle & Son*, for defendant, submitted

That the indictment was insufficient:

Because it does not charge the defendant to be a common and notorious profane swearer;

Because it does not charge that there were any persons then and there assembled, to hear the profane swearing;

Because it does not state, that the profane swearing was in hearing of any person. The case of the *State* v. *Jones*, 9 Ired. 38, and *Pepper's case*, 68 N. C. Rep. 259, will sustain the foregoing objections.

*Attorney General Hargrove*, for the State.

READE, J. The charge in the indictment is, that the defendant did "publicly, in the streets of the town of Lumberton, profanely curse and swear, and take the name of Almighty God in vain."

The question is, whether any crime is charged; whether profane swearing in public, is, of *itself*, a nuisance?

Profane swearing is irreligious beyond doubt. And it may be admitted to be immoral; and, to the refined, coarse and vulgar. And very clearly it may be *so* used as to be a nuisance—as, for instance, if it be loud and continued. But nothing of the sort is charged in the indictment. It was indeed *proved* that the defendant used profane language " so loudly that he could be heard at the distance of two or three hundred yards, and from dark until 11 o'clock at night; and that persons in the street and houses heard him." And his Honor charged the jury that this was a nuisance. Take that to be so, but the misfortune is that nothing of the sort is charged in the indictment. And the *probata* cannot supply the want of the *allegata.* It is charged only, that he cursed and swore publicly in the street ; but whether in a whisper or aloud ; once or repeatedly ; for a moment or an hour; or, whether heard by any or many, is not charged.

It is true that, in the conclusion of the indictment, it is alleged that what the defendant did was, " to the common nuisance of the good people of the State then and there being and residing ;" but it is settled that a conclusion of that sort does not supply any defect in the main body of the allegation, 2 Bish. Crim. Prac. secs. 812–813.

Suppose the indictment had charged, that the defendant publicly smoked a segar in the street, &c., to the common nuisance, &c.

We would have to hold that smoking a segar in the street is not a crime ; and, therefore, that the defendant could not be convicted of a nuisance. Or, if charged with so misbehaving himself as to be a nuisance, without saying how he had misbehaved, or what he had done, so as to enable the Court to see that the misbehavior charged, if proved, amounted to a nuisance, we should have to hold that no crime was charged.

In *State* v. *Pepper,* lately before this Court, 68 N. C., the questions involved in this case are so well considered that it is only necessary to refer to it as decisive of this case.

This will be certified that the judgment may be arrested.

PER CURIAM.                              Judgment arrested.