## STATE v. DAVID BARHAM.

### *Indictment—Profane Swearing—Nuisance.*

1. An indictment for a nuisance by profanely swearing in a public place should set forth;

    (1) That the offence was committed "in the *presence* and *hearing* of divers persons then and there assembled," and the general conclusion "*ad communem nocumentum*" is not sufficient.

    (2) That "the acts were so repeated in public as to have become an annoyance and inconvenience to the public."

    (3) The profane words alleged to have been used, so that the Court may decide as to their quality.

2. An omission of any of these specifications is a fatal defect in the indictment, for which judgment will be arrested.

(*State* v. *Jones*, 9 Ire. 38; *Pepper's* case, 68 N. C. 259; *Powell's*, 70 N. C. 67, cited and approved.)

INDICTMENT for a Nuisance tried at May Term, 1878, of WAKE Criminal Court, before *Strong, J.*

The facts material to the point decided are stated in the opinion. Motion in arrest was not made in the Court below. Verdict of guilty. Judgment. Appeal by the defendant.

*Attorney General*, for the State.
*Mr. P. M. Briggs*, for the defendant.

FAIRCLOTH, J. The bill of indictment alleges that the defendant " in the public streets in the city of Raleigh to the great nuisance of divers of the good people of the State, then and there assembled, wilfully and wickedly, did curse swear and blaspheme the name of Almighty God for a great space of time, for the space of one minute against the peace and dignity of the State." The defendant moves for an arrest of judgment because he says the indictment charges no indictable offence. His Honor told the jury if they believed the evidence the defendant was guilty, and he was convicted. The sufficiency of the indictment then is the only question presented.

From the authorities and a train of our own decisions for more than a half century we are compelled to say that the indictment is fatally defective. In the cases now cited the question has arisen in various aspects and the arguments and reasons are therein exhausted. We will not repeat them here but content ourselves with a few of the propositions we find well settled:—

1. It must be alleged that the offence was committed "in the *presence* and *hearing* of divers persons being then and there assembled."

2. "To the common nuisance of all the good citizens of the State then and there being assembled" will not do.

3. It must be alleged that "the acts were so repeated in public as to have become an annoyance and inconvenience to the public."

4. It is necessary to set out the profane words in order that the Court may decide as to their quality." Neither of of the above allegations, i. e., 1, 3 and 4 are found in the bill in the case before us. All the precedents to which we have had access have them. No amount of evidence can supply these defects. The authorities referred to will be found cited in the three principal cases, viz: State v. *Jones*,

9 Ire. 38; *State* v. *Pepper*, 68 N. C., 259; *State* v. *Powell*, 70. N. C. 67. Let this be certified to the end that judgment. be arrested.

Error.                                             Judgment arrested. .