## STATE v. F. BREWINGTON.

### *Nuisance—Sufficiency of Indictment.*

An indictment charging the use of profane and vulgar language, on a
certain day and on divers other days in a public street and in the
presence and hearing of divers persons then and there assembled, and
then and there repeating the same to the evil example and common
nuisance, &c., is sufficient.  (Review of cases upon this subject by
RUFFIN, J.)

(*State* v. *Baldwin*, 1 Dev. & Bat., 195; *State* v. *Ellar*, 1 Dev., 267; *State*
v. *Jones*, 9 Ired., 38; *State* v. *Pepper*, 68 N. C., 259; *State* v. *Barham*,
79 N. C., 646, cited and approved.)

INDICTMENT for a Nuisance, tried at August Term, 1880,
of NEW HANOVER Criminal Court, before *Meares, J.*

The case is brought here by an appeal on the part of the
state from an order of the judge below, quashing an indict-
ment preferred against the defendant for a nuisance com-
mitted by the use of profane and vulgar language in a
public place.

The indictment charged that defendant, being an evil
disposed person, &c., on the first day of January, 1880, and

on divers other days and times, both before and since that day, in a certain public street and highway in said county, and in the presence and hearing of divers persons then and there and on the said other days and times assembled, did use vulgar and obscene language in substance, &c., and did then and there and on said other days and times in the presence and hearing of the said divers persons being then and there assembled, repeat said language, &c., to the evil example of all others in like case offending, to the common nuisance of all the good citizens then and there and on the said other days and times assembled, against the statute, &c.

*Attorney General*, for the State.
No counsel for defendant.

RUFFIN, J. The use of profane and vulgar language does not *per se* constitute an indictable offence, but only when so publicly indulged in and so long continued or often repeated, as to become annoying and hurtful to the community. And not only must the person charged with such an offence have indulged in its use to this extent, but the indictment preferred against him must specifically set forth all the facts and circumstances which go to make up the offence.

Conceding these principles and admitting that the grossly indecent and profane language, set forth in the indictment as having been uttered by this defendant, would not have been sufficient to constitute an indictable nuisance, if used but once, and in the hearing of the persons who happened on that single occasion to be present, (as was decided in *Baldwin's* case, 1 Dev. & Bat., 195) it remains to be inquired, whether its frequent use in a public street on many days, and in the hearing and to the hurt and annoyance of many persons present on all the several occasions, does not in itself constitute such an offence as is punishable under the criminal law of the state. If it does, then the offence is

sufficiently charged in the bill under consideration, for all these facts and circumstances are specifically set forth therein.

In the very early case of *State* v. *Ellar*, 1 Dev. 267, it was decided that where the acts are repeated and so public as to become offensive and inconvenient to the citizens at large, they are indictable; and in *Baldwin's* case, *supra*, it was held that profane and loud cursing at a public meeting-house *on a single occasion* whereby the members of a singing school were disturbed, did not amount to an indictable offence, but Judge GASTON in delivering the opinion distinctly declares that such conduct may become a public nuisance, if so often repeated or so long continued as to affect the citizens of the state, who may successively come within the reach of its consequences, and be thereby annoyed and inconvenienced.

So in *State* v. *Jones*, 9 Ired., 38, (in which case, through some singular misapprehension, *Ellar's* case is quoted as one in which a judgment was arrested because the indictment did not sufficiently charge the offence, whereas the very opposite was held and the judgment of the superior court was reversed because it had arrested the judgment on that ground), it was said by the court that while single acts of profanity and the use of vulgar language are not punishable by indictment, yet if repeated and publicly perpetrated in the hearing of many of the citizens and to their annoyance and inconvenience, it will become a nuisance and as such be punishable.

And in *State* v. *Pepper*, 68 N. C., 259, Judge RODMAN says that in order to make profane swearing a nuisance, the profanity must be uttered in the hearing of divers persons, and must be charged in the bill to have been so uttered. And he gives as the most approved form for so charging it, the simple and direct averment of its having been so done "in the presence and hearing of divers persons then and there assembled."

The same distinction between profanity as a private inconvenience and as an indictable offence, runs through all the decisions of this court, and there are a number of them, including that one in the case of *State* v. *Barham,* 79 N. C., 646, in which an effort is made to formulate the several averments necessary to be made in an indictment of this kind, and which in substance, are, first; An allegation that "the offence was committed in the presence and hearing of divers persons then and there assembled," which requisite is not supplied by an averment that "it was done to the common nuisance of the good citizens of the state then and there assembled." And secondly; An allegation that the language was "so repeated in public as to have become an annoyance and inconvenience to the public." We do not understand from this, as His Honor below seems to have done, that these averments must be expressed in the very words there used by the judge in delivering the opinion, but that it will suffice if they in substance amount to the same; and testing this indictment by the rules prescribed in that case, we cannot see that it lacks a single averment necessary to constitute the offence. It certainly charges the offence to have been committed in the presence and hearing of divers persons then and there assembled; that it was committed in a public street and highway; that it was there *repeated,* that is to say, uttered on divers days and times; and thus it became an annoyance to the public, "a common nuisance to all the good citizens of the state there assembled," that is, to the *divers persons* present on the *divers* days and times all of whom are alleged to have heard the offensive words spoken.

The indictment seems to us to be in conformity to approved precedents, and to have met all the requirements of the decisions of our court on the subject, and therefore we hold it was error in the court below to have quashed it.

Error.                                    Reversed.