JAMES GAINES *v.* THE STATE.

CRIMINAL LAW. *Profanity.* Any words importing an imprecation of divine vengeance, or implying divine condemnation, so used as to become a public nuisance, would make out the offense of profanity, although the name of the Deity be not used. An isolated act of profanity, except under peculiar circumstances, is not indictable.

FROM KNOX.

Appeal in error from the Criminal Court of Knox county. M. L. HALL, J.

J. C. J. WILLIAMS for Gaines.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The plaintiff in error was indicted for uttering a profane oath "in a public place, in the presence of divers good citizens, and to the common nuisance," and, upon conviction, appealed in error.

Profanity is indictable when it becomes a public nuisance, and the indictment in this case is good: *State* v. *Graham*, 3 Sneed, 134; *State* v. *Steele*, 3 Heis., 135. The averment to the common nuisance is essential: *Robinson* v. *State*, September Term, 1880. If the indictment be in other respects good, it is not a fatal defect to omit the allegation that the words were uttered in the presence of divers good citizens, the

omisssion being supplied by the other averments: *State* v. *Wyrick*, at this term.    Whenever, upon a trial under a sufficient indictment, there is evidence that the swearing, or profane language, was a nuisance to the public, the offense is made out.    It is not absolutely necessary that the name of the Deity should be used. Any words importing an imprecation of divine vengeance or implying divine condemnation, so used as to constitute a public nuisance, would suffice: *Isom* v. *State*, September Term, 1880; *Holcomb* v. *Cornish*, 8 Conn., 375.    A single utterance of a profane oath, not repeated nor in a loud voice, has been held not to be *per se* indictable: *State* v. *Powell*, 70 N. C., 67.    And it was said by the eminent judge who delivered the opinion of this court in *The State* v. *Graham*, that an isolated act of profanity was only punishable under the act of 1741, brought into the Code, sec. 1725, which imposes a small pecuniary penalty for each oath, recoverable before a justice of the peace.    It is possible, however, to conceive of cases where even a single oath, either by its terms, its tone or manner, might, under the peculiar circumstances, be held to be a nuisance.    But such cases would constitute exceptions to the general rule.

The utterance in the case before us was in the public street of East Knoxville, about nine o'clock at night.    Four persons heard the words, the prosecutor, at whom the oath was directed, his wife, another female who was with the prisoner, and a citizen living on the street who was induced to come to the front of his house by the loud talking between the defend-

ant and the prosecutor. The prosecutor testifies that the defendant used the words of the indictment, less one vituperative epithet, twice; once when the defendant came to the prosecutor's house, and the second time after he had left the house, and was in the middle of the street. The proof is that the defendant, at the request of the woman who was with him, accompanied her to the prosecutor's house, and remained outside while she went in and had a conversation with the prosecutor and his wife. The other three witnesses all concur in saying that the words used were uttered only once, when the prosecutor and the defendant were in the street after the interview in the house. The two women concur in saying that the defendant used the words charged omitting the name of the Deity. The remaining witness proves the use of the words charged, but only once. Neither the mode of utterance nor the circumstances were such as to require a departure from the general rule. It is very certain that the words were only uttered once in the hearing of any other person than the prosecutor, and probably only the one time. In any view, the offense is not made out, and the judgment must be reversed.