STATE v. LAFAYETTE CHRISP.

*Nuisance—Profane Swearing.*

The continued and public use of profane oaths, frequently and boisterously repeated, though on a single occasion and but for the space of five minutes, is indictable as a public nuisance.

(*State* v. *Kirby*, 1 Mur., 254; *State* v. *Ellar*, 1 Dev., 267; *State* v. *Baldwin*, 1 Dev. & Bat., 195; *Jones*, 9 Ired. 38; *Pepper*, 68 N. C., 259; *Powell*, 70 N. C., 67; *Barham*, 79 N. C., 646; *Brewington*, 84 N. C., 783; cited and approved.)

INDICTMENT for a nuisance tried at Fall Term, 1880, of GREENE Superior Court, before *Gudger, J.*

This prosecution commenced in the inferior court of Greene county, where the defendant was tried and convicted. Upon his motion to arrest judgment being overruled, he appealed to the superior court, and on the hearing the judge affirmed the ruling below, and the defendant appealed to this court.

*Attorney General,* for the State.
*Mr. W. C. Munroe,* for the defendant.

RUFFIN, J. The indictment, under which the defendant stands convicted, in effect, charges that on a day certain, in the county of Greene, in the public streets of the town of

Snow Hill, and in the presence and hearing of divers citizens of the state then and there assembled; and in the presence and hearing of divers other citizens then and there passing and repassing, the defendant did curse and swear in a loud voice, and did utter the profane words set out in the indictment; and did then and there and for the space of five minutes continue to utter and frequently repeat the said words in the presence and hearing of the said citizens then and there being, and passing and repassing to their great annoyance, &c., and the common nuisance, &c.

Every intendment is to be made in favor of the verdict of the jury, and we must presume that every material allegation of the indictment was fully established to their satisfaction.

The question then arises, did the conduct of the defendant, supposing it to have been just as charged in the bill, amount to an indictable offence under the law of this state?

Under the earlier decisions of our courts, there could be no sort of doubt upon the point. In the case of the *State* v. *Kirby*, decided in 1809, and reported in 1 Mur., 254, the indictment charged that the defendant swore several oaths on a court house square to the great disturbance and common nuisance of citizens attending the court. After a submission, the defendant moved in arrest of judgment upon the ground that the facts alleged against him did not constitute an indictable offence, but the court declared that it did. The next case, in point of time, was that of the *State* v. *Ellar*, decided in 1827 and reported in 1 Dev., 267, where the indictment charged that the defendant did profanely curse and swear, in the public streets of Jefferson, to the evil example, &c.; and after a verdict for the state, he too moved in arrest of judgment upon exactly similar grounds, and his motion was allowed in the superior court; but upon an appeal to this court that ruling was reversed, and it was expressly declared that when the acts of profanity are so pub-

34

lic and repeated as to become an annoyance and inconvenience to the citizens at large, no reason could be perceived why they should not be indictable as a common nuisance.

Sustained by decisions, so directly to the point as these, we should feel loth to hold that the loud and continued use, even but for the space of five minutes, of profane and blasphemous language, in one of the public streets of a town, did not constitute an indictable offence under the laws of our state, unless satisfied, as defendant's counsel says is the case, that they have been overruled, either expressly or by a necessary implication, in subsequent and better considered cases.

As we understand it, the position assumed by the counsel is, that the use of profane language *on a single occasion*, however public the place, and long continued, or often repeated the words may be, cannot amount to an offence cognizable in the superior court, but is punishable only by a penalty of fifty cents, to be imposed in a magistrate's court.

The case most pressed upon us, in support of this position, is that of the *State* v. *Baldwin*, 1 Dev. & Bat., 195, decided in 1835, and being next to those cases already cited, in the series of cases that have arisen on the point. There, the indictment charged that the defendant, with others assembled at a certain meeting house, did loudly and profanely, and in the hearing of divers good citizens of the state there assembled, curse, swear and quarrel, whereby a certain singing school there held and kept was disturbed and broken up, to the common nuisance, &c.; and it was held to be so defective that no judgment could be pronounced thereunder against the defendants.

As laid in the indictment, the offence consisted of a single and distinct act of cursing, without any averment that it was continued for any space of time, or that the words were many times repeated; and as it seems to us, that was the point on which the decision turned. Here is what

the judge said expressly : " The act *as charged* is not made up of a number of acts frequently repeated. It is an act *single* and *distinct* and committed on a particular occasion." And then he adds that " it is possible that the frequent and habitual repetition of acts, which singly are but private annoyances, may constitute a public or common nuisance, but if so, this frequent and habitual repetition should be appropriately charged." The stress of the opinion, from first to last, is laid upon the frame of the indictment, and first one of its defects and then another pointed to, and suggestions made as to how they might have been remedied. And may we not ask why all this pains was taken in the case, if it could have been disposed of by a simple declaration, that no indictment, however drawn, would lie? for that, the conduct of the party did not, and could not under the circumstances, amount to an indictable offence. We concur with counsel, to the extent that the decision made in that case goes to the length of saying that *no single act* of profanity is an indictable offence. But we have looked through it in vain for any support to the further proposition, that the continued and public use of profane and indecent words, and their frequent repetition, *though on a single occasion*, may not become a common, public nuisance, cognizable in the superior court.

So far from that, and while conceding that certain ex· pressions used seem to look that way, it strikes us as manifest, taking the whole of the opinion together, that Judge Gaston himself entertained no doubt but that such conduct might properly be made the subject of prosecution by indictment, provided it was *charged* and *proved* to have been so publicly committed and so long continued as to become a source of annoyance to the citizens at large.

And so it is, in all the cases to which we have been referred by counsel as bearing on the point—*State* v. *Jones,* 9 Ired., 38 ; *State* v. *Pepper,* 68 N. C., 259 ; *State* v. *Powell,* 70 N.

C., 67, and *State* v. *Barham*, 79 N. C., 646. These were all cases turning upon the sufficiency of the indictment, and the opinions delivered were directed exclusively to that point; and it is a mistake made to apply what is said, in the way of criticisms upon the bills, to the conduct of the parties accused, and the question of their guilt or innocence.

*Arguendo,* in *Jones'* case, Judge NASH expressly says that, while a single act of profanity is only punishable in a justice's court, yet, if the acts be so public and repeated as to become an annoyance and inconvenience to the public, they then constitute a public nuisance, without once intimating that the repetition requisite to complete the offence need be on several or distinct occasions. In *Powell's* case the indictment charged that the defendant did " publicly and profanely curse and swear and take the name of Almighty God in vain, in the streets of Lumberton, to the common nuisance;" and it was held insufficient, because the court could not tell, from reading it, " whether the swearing was done in a whisper or in a loud voice ; for a moment or an hour ; *once or repeatedly;* or, whether heard by few or many."

But the case discloses what the proof in the cause was, and, that the accused had cursed so loudly as to be heard several hundred yards and from dark until eleven o'clock at night ; and that the citizens in their houses, and passing and repassing the streets heard and were annoyed by him ; and Judge READE, who delivered the opinion of the court, declares unhesitatingly that, if the allegations of the bill had been co-extensive with the proofs, the defendant might have been properly convicted.

The conduct there held to be a nuisance, differs from that charged upon this defendant and of which he stands convicted, in a single particular as to the time of its continuance ; and that difference cannot involve any legal principle, but, only a question as to the sufficiency of evidence.

To become a public nuisance, the conduct of a party must pass beyond the point of being injurious to individuals, and be hurtful and offensive to the community ; and it may be difficult to prove that the use of profane words but for the space of five consecutive moments, could so inconvenience the community as to amount to a nuisance; yet we can suppose such cases, and surely, the fact that it may be difficult to establish an offence, and punish the offender, cannot be a valid reason for relaxing the law with regard to it. But, in this case, the jury have said that such was the consequence attending the defendant's conduct, and the door is therefore closed as to him, against any further inquiry into that question.

We have gone, thus at length, into a review of the cases bearing on the point, notwithstanding we have so recently gone over nearly the same ground in *Brewington's* case, 84 N. C., 783, because, there seems to be, in some quarters, an interpretation given to them, which we do not think is warranted.

Thus far we have considered the case merely in the light of express authority. Finding none which we think militates against the right of the state to maintain the prosecution against the defendant, we feel at liberty to look to the well established principles of common law as applied in other offences, and reason from analogy.

In his commentaries on the law, SIR W. BLACKSTONE distinguishes between the absolute duties of men and their relative duties as members of society, and says that it is with respect to the latter only that municipal law assumes to control their conduct. Let a man therefore, says he, be ever so abandoned in his principles or vicious in his habits, he is out of the reach of the law, provided, he keeps his wickedness to himself. But if he makes his views public, though they be such as seem principally to affect himself (as drunkenness or *the like*) they then become, by the bad example they set, pernicious to society, and it is

the business of the law to correct them. Upon the strength of this authority, it is said in 1 Russsll on Crimes 270, that all open lewdness and grossly scandalous conduct is *punish-able by indictment at common law*, and that whatever outrages decency, or is injurious to public morals, is a *misdemeanor.*

These principles of the common law have been everywhere recognized, and the reports of England and this country abound with cases in which, upon their authority alone, and without the aid of any statute, convictions have been enforced for offences against public morality and decency.

In this state, by virtue of the common law simply, convictions have been had in cases of public drunkenness and the indecent exposure of the person, and their correctness have never been questioned. Why should not the same rule apply to conduct such as this defendant has been convicted of? conduct which not only wounds every sense of decency, but greatly tends to debauch and corrupt the public morals.

In the case of *Brewington* just referred to, we held the use of profane and vulgar words, in a public place *on several occasions*, whereby the public at large were offended and annoyed, amounted to a public nuisance. We now hold that the use of such words, on a *single occasion*, may do the same provided it be attended with like consequences.

No error.                                                Affirmed.