## W. H. PARKER *v.* THE STATE.

1. SUNDAY. *Carrying on business. Indictment for.* The carrying on of one's ordinary business on Sunday is an indictable offense at the common law, and also under the statutes of Tennessee, if conducted so openly as to attract public attention, and thereby tend to corrupt public morals.

2. SAME. *Defense. Religious belief.* It is no defense to such a prosecution that the accused conscientiously believes in observing, and actually observes, the "seventh" rather than the "first" day of the week, as the Sabbath.

### FROM HENRY.

Appeal in error from the Circuit Court of Henry county. CLINTON ADEN, J.

COLE, SWEENEY & WARD for Parker.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Parker was convicted in the circuit court of Henry county for following and exercising his avocation of blacksmith, upon Sunday, in April, 1885, and on divers other Sundays before that date and up to the time of taking this inquisition, and the indictment avers said work was a disturbance and nuisance to the good citizens of said county, and it is averred that such work was not necessary, or a matter of charity.

Another count charges that Parker was guilty of a public nuisance by such work on Sunday, to the

prejudice of the public morals and contrary to the statute, etc.

The proof upon the trial was, that defendant was a blacksmith, having a shop near Springville, in said county, and numerous witnesses testify to having seen him at work at his trade in his shop upon different Sundays within twelve months before the finding of the indictment. One witness said he knew defendant worked at his business every Sunday.

The defendant's counsel insists that although it is proved that defendant worked at his trade on Sunday, there is no evidence to show that he disturbed or damaged any person thereby so as to constitute a nuisance, and unless it does appear by proof that some person or persons were disturbed or annoyed, the offense might be punishable under section 2289, of new Code, but is not indictable.

It is held in 1 Lea, 129, 130, that hunting or fishing on Sunday may be punished by indictment, and these offenses are declared punishable by the same penalties as those prescribed in section 2289, new Code. See section 2290. So that the working at one's trade, under such circumstances, and to such extent as to amount to a nuisance, is indictable.

Judge McKinney says, in a case where a defendant had been indicted and convicted for the utterance of obscene words in public, and quoting from Blackstone's Commentaries, page 42, that the municipal law looks to more than the protection of the lives, liberty and property of the people. Regarding Christianity as part of the law of the land, it respects and protects its

institutions, and assumes, likewise, to regulate the public morals and decency of the community. The same enlightened author distinguishes between the absolute and relative duties of individuals as members of society. He shows that, while human laws can not be expected to enforce the former, their proper concern is with social and relative duties; hence, however abandoned in principle, or vicious in practice a man may be, if he keeps his wickedness to himself, and does not offend against the rules of public decency, he is out of the reach of the law, but if he makes his vices public, they then become, by the bad example they set, of pernicious effect to society, and are punishable by the law: 1 Swan, 42, citing 1 Blackstone's Commentaries, 124; 4 Swan, 41, 42.

In an indictment for profanity, which is punishable under the statute by pecuniary penalty, like this case, it was held that when the vicious acts are public, they will be dealt with as crimes, because of their tendency to disturb and annoy others, and exert a baneful influence upon the morals and habits of the community. Generally any practices tending to disturb the peace and quiet of communities, or corrupt the morals of the people, are indictable as public offenses by the common law: 3 Sneed (Cooper's edition), 133, and cases there cited.

In 7 Lea, 410, it is held that profanity, when it becomes a public nuisance, is indictable, but in that case it was held the case was not made out, but a single act being proved.

In 1 Bishop's Criminal Law, section 946, it is said,

public profane swearing and blasphemy have been held in this country to be indictable at the common law, yet less, according to some of the judges, as tending to sap the foundations of Christianity, than as disturbing the peace and corrupting the morals of the community. In the next section it is said, but however uncertain may be the precise extent to which the common law protects Christianity, there is no question that it practically and fully cherishes the public morals. And it punishes as a crime every act which it deems sufficiently evil and directly tending to impair the public morals, and while a single act of the class forbidden by the statute may be punished by a specific fine, as prescribed by the statute, yet if repeated and continued, it becomes punishable by indictment at common law: 1 Bish. Crim. Law, sec. 1055. See also section 939, 2 Bishop's Criminal Law, where it is said that the doctrine has been laid down, in Pennsylvania, that though a single act of Sabbath breaking is punishable by a fine, there may be such a succession of acts of the same sort as will amount to an indictable offense.

The statute makes it unlawful for any one of the enumerated classes to follow his ordinary secular avocation on the Sabbath day, because it is immoral and is of pernicious effect, and, though it may be conceded a single offense may be liable only to the penalty prescribed by the statute, yet a succession of such acts becomes a nuisance and is indictable. Such a succession and repetition of the acts are shown in this case, as one witness says that defendant did work at his trade, as blacksmith, in his shop near Springville,

every Sunday, and others testify to similar acts on many Sundays within twelve months before the finding of the indictment.    Nor is it necessary to a conviction that the proof should show that any person was disturbed thereby.    It is sufficient that the acts, which the law holds as illegal and forbidden, have been done in such public manner as to have been open to the observation of the public.    Their tendency is to corrupt public morals, and the example is pernicious and contrary to law and the well-being and good order of society.

The defendant offered to prove that he belonged to a "Christian sect" who kept the seventh, instead of the first day of the week, as Sunday.    "A general prohibition against doing worldly business on the Lord's day extends to persons who conscientiously observe the seventh day of the week as the Christian Sabbath": 1 Bish. Crim. Law, sec. 268.

There was, therefore, no error in excluding the offered testimony, nor in refusing to charge as requested.    There is no error in the record for which the judgment should be reversed, and it will be affirmed.