STATE v. J. V. FAULK.

(Filed 29 March, 1911.)

1. **Indictment—Common-law Misdemeanors—Superior Courts—Jurisdiction.**

    When an indictment charges an offense indictable at common law it is within the exclusive jurisdiction of the Superior Court.

2. **Same—Statutory Offense—Justice of the Peace.**

    An indictment charging that the defendant in certain public highways, in the presence of divers persons passing and repassing, "did curse in a loud voice and use profane language for the space of five minutes (reciting the profane words), with great

disturbance and to the common nuisance of the good citizens of the State," states the offense. of a common-law nuisance, and is within the jurisdiction of the Superior Court, notwithstanding he may have been indicted under a statute relating to a certain county whereunder conviction may have been had of a less offense, made a misdemeanor by the statute, cognizable before a justice of the peace in that county.

3. **Same.**

An act relating to a certain county, making it "unlawful for any person to act in a disorderly manner by being drunk or using profane, obscene, or boisterous language on any public road" therein, does not oust the jurisdiction of the Superior Court of an indictment going further in its charges, and stating a common-law misdemeanor, though conviction may have been had under the statute.

APPEAL by the State from *Lyon, J.,* at November Term, 1909, of ROBESON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Attorney-General and G. L. Jones, Assistant Attorney-General, for the State.*
*No counsel for defendant.*

CLARK, C. J.   Laws Special Session 1908, ch. 125, provides that "It shall be unlawful for any person to act in a disorderly manner by being drunk or using profane, obscene, or boisterous language on any public road in Robeson County," and places the violation of this statute within the jurisdiction of a justice of the peace.

This indictment is found against the defendant at common law and alleges that the defendant, in Robeson County, "in certain public highways there situate and in the presence of divers persons then and there being, did curse in a loud voice and use profane language in the presence of divers citizens of the State there being, passing, and repassing, and did continue in a loud voice to repeat said profane language for the space of 5 minutes (the indictment reciting the profane words), with great disturbance and to the common nuisance of the good citizens of the State." The defendant moved to quash the bill on

the ground that its allegations were covered by the act of 1908, above set forth, which created an offense within the jurisdiction of a justice of the peace. The indictment at common law is within the jurisdiction of the Superior Court, the punishment not being restricted to "30 days' imprisonment or a fine of $50." His Honor quashed the bill, and the State appealed.

The sole question presented, therefore, is whether the acts recited in the statute of 1908 are sufficient to constitute the same offense which was indictable at common law. It is very clear that they do not. In *S. v. Barham,* 79 N. C., 647, the Court held that to constitute the common-law offense it must be alleged: (1) That the offense was committed in the presence of divers persons being then and there assembled, to the common nuisance; (2) that the acts were so repeated in public as to become an annoyance and inconvenience to the public, citing *S. v. Jones,* 31 N. C., 38; *S. v. Pepper,* 68 N. C., 259; *S. v. Powell,* 70 N. C., 67. In *S. v. Jones,* 31 N. C., 38, it was held that to make the offense of profane swearing indictable the acts must be so repeated and so public as to become an annoyance and inconvenience to the public, and that it is not sufficient to merely charge that they were a public nuisance, but the facts must be specifically charged which would constitute them a public nuisance. In *S. v. Pepper,* 68 N. C., 259, it was held that an allegation of profane swearing in the public streets (or other public place) to the common nuisance would not be sufficient, and that an omission to allege that the swearing was in the presence of divers persons then and there assembled would be fatal. To the same effect *S. v. Powell,* 70 N. C., 67; *S. v. Brewington,* 84 N. C., 783; *S. v. Chrisp,* 85 N. C., 528.

The subject is fully gone into by *Merrimon, J.,* in *S. v. Cainan,* 94 N. C., 880, which is nearly "on all-fours" with this case. There *Merrimon, J.,* reaffirming the principles above set forth, holds that a town ordinance making unlawful acts similar to those prescribed by this statute of 1908, was valid, because it did not cover the offense which was indictable under the general law of the State.

It is true that if the defendant had been tried on a warrant before a justice of the peace under the statute of 1908, he could have been convicted upon proof of the charges contained in the present indictment. But the opposite is not true, that upon trial upon this indictment the defendant could have been convicted upon proof only of the acts which would constitute the offense under the statute of 1908. So on an indictment for manslaughter a defendant may be proven guilty of an assault, but on proof of an assault only he cannot be convicted of manslaughter.

The acts necessary to be proven to constitute an offense under the statute of 1908 are fewer and different in extent from those necessary to constitute the offense at common law which is charged in the indictment in this case. The statute, therefore, does not constitute a substitute for the common-law offense. The two offenses are not identical, and the judgment quashing the indictment must be

Reversed.