SOUTHERN RAILWAY CO. *v.* THE STATE.

(*Knoxville.*  September Term, 1918.)

1. **INDICTMENT AND INFORMATION.** Railroads. Conclusion. Obstructing public highway at crossing.

Under the common law, a railroad can be indicted for obstructing a public crossing, but the indictment or presentment must conclude "to the common nuisance." (*Post, p.* 135.)

Cases cited and approved:  State v. Railroad, 91 Tenn., 445;  L. & N. Railroad Co. v. State, 40 Tenn., 523;  Gaines v. State, 75 Tenn., 410.

2. **INDICTMENT AND INFORMATION.** Proviso. Obstruction of public crossing by a railroad company.

As Shannon's Code, section 6514 et seq. (Acts 1879, chapter 183), applies only to highways within limits of incorporated towns or cities where incorporating laws are repealed or charters forfeited, or the towns have failed to keep an organized board of mayor and aldermen, a presentment thereunder, which fails to show that the highway obstructed is within the act and not excluded by proviso, is insufficient. (*Post, pp.* 135-138.)

Acts cited and construed:  Acts 1879, ch. 183.

FROM HAMBLEN.

Appeal from the Circuit Court of Hamblen County. —HON. JOHN B. HOLLOWAY, Judge.

W. N. HICKEY and SUSONG & BIDDLE, for appellant.

H. M. RANKIN and WM. H. SWIGGART, JR., for the State.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

At the May term, 1917, of the circuit court of Hamblen county, a presentment was found against the plaintiff in error, the body of which presentment is as follows:

"That the Southern Railway Company on the 9th day of March, 1917, in the State and county aforesaid, did unlawfully, willfully, maliciously and wantonly let its train of cars stand upon and cross the public road in Russellville, Tennessee, Hamblen county, said road leading from Morristown, Tennessee, to Warrensburg, Tennessee, and other points, so as to obstruct and impede public travel, contrary to the statute and against the peace and dignity of the State."

Motion was made and entered to quash said presentment on the following grounds:

(1) "Because it alleged no offense against the laws of Tennessee."

(2) "Because the allegations of the presentment were insufficient to constitute any offense, there being nothing in the presentment to show that said cars obstructed said crossing for an unreasonable length of time so as to amount to a nuisance."

(3) "Because the presentment did not conclude with the words 'to the common nuisance,' or words of equivalent import."

Said motion to quash was overruled by the court, to which action the plaintiff in error duly excepted. The case was then heard, and the jury found the defendant guilty, and a fine of $10 was entered against it, from which judgment it has appealed to this court and has assigned errors.

We think the motion to quash should have been sustained.

Under the common law a railroad can be indicted for obstructing a public crossing.  *State* v. *Railroad,* 91 Tenn., 445, 19 S. W., 229; *L. & N. Railroad Co.* v. *State,* 3 Head, 523, 75 Am. Dec., 778.

In which case the indictment must conclude "to the common nuisance." *Gaines* v. *State,* 7 Lea, 410, 40 Am. Rep., 64; Wharton's Criminal Law (Last Ed.), section 1693.

In the instant case the presentment was drawn and based upon section 6514 of Shannon's Code, which is the first section of chapter 183 of the Acts of 1879.

Said act of 1879, in its entirety, is as follows:

"An act to make it a misdemeanor to obstruct public highways, private ways, streets, alleys, sidewalks, etc.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that it shall be-a misdemeanor for any person to obstruct the public highways, private ways, streets, alleys, sidewalks, public grounds, commons and ways to burying places, churches or schoolhouses, and that it shall be an obstruction under this act for any person to ride horseback, hitch horses upon, or drive a wagon, buggy or any vehicle, upon said sidewalks.

"Sec. 2. Be it further enacted, that if any person shall be guilty of any one of the offenses mentioned in the foregoing section of this act shall, upon conviction, pay a fine in an amount not to exceed twenty-tive dollars, and may be imprisoned in the county jail at

the discretion of the court, for a period of time of not more than twenty days.

"Sec. 3. Be it further enacted, that this shall apply to all public highways, private ways, recognized as such, by law, streets, alleys, sidewalks, public grounds, commons, and ways to burying places, situated within the limits of any incorporated town or city where the laws incorporating the same has or may hereafter be repealed, or has or may hereafter forfeit their charters, or may fail to keep an organized board of mayor and aldermen; provided, however, it shall not be so construed as to interfere with the regulations and governments of any organized corporation of any town or city.

"Sec. 4. Be it further enacted, that the board of mayor and aldermen of any incorporated city shall be guilty of a nuisance under the present existing laws of the State, if they permit any of the foregoing offenses named in the first section of this act, within the corporate limits.

"Sec. 5. Be it further enacted, that no person under this act shall be amenable to the first section of the same by reason of their obstructing any street, cross-street or alley in any town with material for building or repairing buildings or grounds attached to the same; provided, that the same is not obstructed an unreasonable length of time; provided, not more than one-half of the passway shall be obstructed at any one time.

"Sec. 6. Be it further enacted, that the circuit and criminal judges of this State shall give this act in charge to the grand juries, and that this act take effect from

and after its passage, the public welfare requiring it.''

It will be observed that the first section does not say whether it applies to the State, or to cities or municipalities within the State, and, without some qualifying clause, or expressed limitation, it would undoubtedly refer to the highways and streets within the entire State. But the third section does qualify and limit the first section, and says it shall apply to highways, streets, etc.: (1) Within the limits of any incorporated town or city where the law incorporating the same has or may hereafter be repealed, (2) or has or may hereafter forfeit their charters, (3) or may fail to keep an organized board of mayor and aldermen. This third section then concludes with the proviso that it shall not be so construed as to interfere with the governments of any organized corporation of any town or city.

You have to consider sections 1 and 3 in their relation to each other to determine the legislative intent. The proviso of the third section and the terms of the fourth section indicate that the legislature realized that organized municipal corporations had authority and jurisdiction of their streets, sidewalks, etc., and did not wish to interfere with such right further than to provide that the board of mayor and aldermen should be guilty of a nuisance when they, under such authority, permitted its streets, sidewalks, etc., to become obstructed.

So far as obstructing the highways, roads, etc., of the State, outside of the incorporated cities and towns, they were aware that the offender was subject to indictment under the common law, and so the act in question was intended to apply in the three instances set forth in the

third section of the act not provided for by either of the remedies above set forth. Take for example the case of a street, in an incorporated town that has no organized board of mayor and aldermen, becoming obstructed: If the offender is indicted under the common law, he would defend on the ground that the street was within an incorporated town, over which the corporation had exclusive authority and control; there is no corporate organization to punish the offender, and the result would be that he would go unpunished. To meet such a case and to extend the law so as to provide a remedy whereby all persons who obstruct highways can be called to account the act in question was passed. This appears to us to be what the Legislature had in mind.

Now, there is no allegation in the presentment involved in this case that would bring it within the third section of this act. It was evidently drawn under the first section of the act upon the theory that the act applied to all of the roads, highways, and streets within the State.

It results that the judgment of the circuit court is reversed, and the presentment is quashed.