THE STATE *v.* C. C. HUTTON.*

(*Nashville.* December Term, 1926.)

Opinion filed, February 12, 1927.

1. **CRIMINAL LAW. Fishing for market without license. Construction, Acts 1923, ch. 102. State department of game and fish.**

The language of this Statute (Acts 1923, ch. 102) is such as to place it beyond reasonable argument that the license to fish for market is required only for the seven rivers designated, in the first paragraph of section 44, and that such license is not required to fish for the market in other streams and rivers of the State. (Post, p. 57.)

2. **SAME. Same. Indictment. Necessary averments.**

The statute having made it unlawful to fish for the market only in the rivers and streams designated in the statute itself, the omission to charge that the defendant fished for market in one or more of said streams is fatal, on motion to quash. (Post, p. 57.)

3. **SAME. Indictment. Facts and circumstances.**

An indictment must charge all the facts and circumstances, the presence of which are necessary to constitute the offense, with such certainty that the defendant may know whether they constitute an indictable offense or not. (Post, p. 57-58.)

Citing: Davis v. State, 3 Cold. (43 Tenn.), 80; Pearce v. State, 1 Sneed (33 Tenn.), 67-68; 1 Chitty's Criminal Law, 228, 229, 231.

4. **SAME. Same. Same.**

Where the act is not, in itself, necessarily unlawful, but became so by other facts connected with it, the facts in which the illegality consists must be set forth and averred. (Post, p. 58.)

Citing: Southern Ry. Co. v. State, 141 Tenn., 133; State v. Willis, 130 Tenn., 412-420; Jones et al. v. State, 16 Lea (84 Tenn.), 466.

---

*On the question of the right to require a license to fish, see annotation in 60 L. R. A., 505, 507. 11 R. C. L., 1049; 2 R. C. L. Supp., 1353.

---

*Headnotes 1. Fish, 26 C. J., section 54; 2. Fish, 26 C. J., section 66; Indictment and Information, 31 C. J, sections 179, 180, 192, 238.

FROM MARION.

Appeal from the Circuit Court of Marion County.—
HON. JOHN T. RAULSTON, Judge.

W. F. BARRY, JR., Assistant Attorney-General for the
state.

A. R. HALL, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the
Court.

The appeal in this case is by the State of Tennessee
from a judgment quashing an indictment which con-
tained an accusation in the following language:

"The grand jurors . . . present:—That C. C.
Hutton did, heretofore on the — day of August, 1925, in
the county aforesaid, then and there unlawfully fish for
market in the rivers and streams without obtaining a
license therefor against the peace and dignity of the
State."

The defendant's motion to quash the indictment con-
tained several grounds, one of which is as follows:

"Because the indictment fails to charge the place of
the offense so as to give notice to the defendant for which
he must defend."

The indictment was returned under section 44 of chap-
ter 102 of the Public Acts of 1923, creating and estab-
lishing the State Department of Game & Fish, and relat-
ing to the preservation and protection of game, animals,
birds and fish. This section of the statute provides that
"fishing for the market in the rivers and streams of Ten-
nessee is permitted." It then designates seven rivers of

the State by name, and provides that fishing for the market in these seven rivers, including the Tennessee River (which flows through Marion county), is excepted from the other provisions of the act, and provides that the taking of fish in said rivers is rendered subject to certain described terms and provisions.

The sixth sub-division is that it shall be unlawful to fish for the market "in any of said streams, rivers, bayous, or lakes in this State" without first obtaining a license from the clerk of the county court. Violation of this provision is made a misdemeanor.

The language of the statute is such as to place it beyond reasonable argument that the license to fish for the market is required only for the seven rivers designated in the first paragraph of section 44, and that such a license is not required to fish for the market in other streams or rivers of the State.

Since the indictment under consideration does not charge that the defendant fished for the market in any one of. the seven designated rivers, it is obvious that the things averred in the indictment may have been done by the defendant without violating the statute.

"An indictment must charge all the facts and circumstances, the presence of which are necessary to constitute the offense, with such certainty that the defendant may know whether they constitute an indictable offense or not." *Davis* v. *State,* 3 Cold. (43 Tenn.), 80.

In *Pearce* v. *The State,* 1 Sneed (33 Tenn.), 67-68, the court said:

"The rule is that 'the indictment must charge the crime with certainty and precision, and must contain a complete description of such facts and circumstances as will constitute the crime. A statement of a legal result

is bad.' 1 Chitty's Cr. Law, 228. A conclusion of law need not be stated; it is the facts upon which it is founded that are necessary and material. 1 Chitty's Cr. Law, 231.

"We may further observe that where the act is not, in itself, necessarily unlawful, but becomes so by other facts connected with it, the facts in which the illegality consists must be set forth and averred. 1 Chitty's Cr. Law, 229.''

The application of these rules of pleading to the present case is clearly indicated by the holding of this court in *Southern Ry. Co.* v. *State,* 141 Tenn., 133. And in *State* v. *Willis,* 130 Tenn., 412, 420, this court quoted approvingly from *Jones et al.* v. *State,* 16 Lea (84 Tenn.), 466, as follows:

"Prosecutions cannot be sustained by intendment, but everything necessary to constitute the offense must be averred.''

The statute having made it unlawful to fish for the market only in the rivers and streams designated in the statute itself, the omission to charge that the defendant fished for the market in one or more of said streams or rivers is fatal, and renders the indictment susceptible to the attack made by that ground of the motion quoted hereinabove.

In view of this conclusion, which is determinative of the case, we find it unnecessary to consider the other questions presented by the motion to quash, and the judgment of the trial court will be affirmed. The costs of the appeal will be adjudged against the county.