# Goff *v.* State.

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

MALCOLM C. HILL, of Sparta, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The presentment upon which plaintiff in error, Jim Goff, was put to trial and convicted in this case charges the following offense, to-wit, that "on or about the 19th day of May, 1946 in the County and State aforesaid, did unlawfully and wilfully follow and engage in his usual and ordinary vocation, namely the operation of a certain poolroom in the community of Doyle, in White County, Tennessee, on Sunday, against the peace and dignity of the State."

The appeal is here upon the technical record. Based upon that record, it is insisted that the conviction is not authorized as a matter of law because (1) "the present-

ment does not allege a common law offense, and therefore, no fine could be imposed thereunder,'' and (2) ''the presentment is apparently based upon an alleged violation of Section 5253 of the Code of Tennessee, 1932, which provides only for a forfeiture.''

Perhaps the merits of these two insistences will be the better understood by here quoting Code Section 5253 reading as follows: ''If any person shall be guilty of exercising any of the common vocations of life, or of causing or permitting the same to be done by his children or servants, acts of real necessity or charity excepted, on Sunday, he shall, on due conviction thereof before any justice of the peace of the county, forfeit and pay ten dollars, one-half to the person who will sue for the same, the other half for the use of the county.''

█ A single violation of this Code Section 5253 makes the offender liable only to the penalty prescribed, to-wit, a forfeiture of ten dollars. *Parker* v. *State*, 84 Tenn. 476, 480, 1 S. W. 202; *Graham* v. *State*, 134 Tenn. 285, 291, 183 S. W. 983. Therefore, no criminal action can be predicated upon a single violation of the statute. *Murphy* v. *State*, 114 Tenn. 531, 533, 86 S. W. 711. Such single violation is not indictable or presentable as a misdemeanor. *State ex rel.* v. *Nashville Baseball Club*, 127 Tenn. 292, 310, 154 S. W. 1151, Ann. Cas. 1914B, 1243.

The presentment in this case charges only a single violation of Code Section 5253. This presentment cannot, therefore, be authorized solely by force of Code Section 5253. Therefore, if this presentment is at all authorized it is by virtue of the common law, there being no other applicable statute.

█ The common law offense of exercising a common vocation of life on Sunday is not committed until it is carried on to such an extent as to create a nuisance.

*State ex rel.* v. *Nashville Baseball Club, supra.* It is the succession or continuation of such act on divers Sundays that makes it a nuisance so as to be indictable as a common law offense. *Parker* v. *State, supra; Graham* v. *State, supra.*

The indictment in this case does not allege that the prohibited act was committed on divers Sundays but alleges only that it was committed on one particular Sunday. Further, this indictment does not allege that the prohibited act was committed to the extent of becoming a nuisance.

No criminal action can be predicated upon an act which is not made a crime either by statute or common law. *Murphy* v. *State, supra.* Every indictment or presentment "must contain a complete description of such facts and circumstances as will constitute the crime." *Tipton* v. *State,* 160 Tenn. 664, 670, 28 S. W. (2d) 635, 636. A presentment, therefore, which intends to charge the common law offense of exercising a common vocation of life on Sunday must allege that the act was committed not only on a particular Sunday but on a succession of Sundays. Where the act becomes a common law offense because it has become a nuisance "the averment to the common nuisance is essential to the validity of such indictment." *Gaines* v. *State,* 75 Tenn. 410, 40 Am. Rep. 64; *Southern Railway Company* v. *State,* 141 Tenn. 133, 135, 207 S. W. 724.

Under the established law hereinabove restated, and which is controlling in this case, the presentment in question charges plaintiff in error with the doing of an act which is neither a misdemeanor nor a felony under statute or by force of common law. Plaintiff in error is, however, sentenced to punishment by a fine and costs for the doing of the act charged. By reason of the judgment

so sentencing him, if he fails to pay or secure payment of this fine and costs he will be deprived of his liberty by forced confinement in jail or workhouse until that fine and certain portions of that costs have been worked out at a stipulated price per day, because of his conviction under a presentment which fails to charge any criminal offense. As insisted by the assignments of error, such a presentment and any judgment of conviction thereunder is a nullity disclosed upon the face of the technical record and must be set aside.

The judgment is reversed and the presentment is quashed.

All concur.