STATE v. ALFRED WHITE.

*Jurisdiction — Town Ordinances — By whom executed.*

1. The Superior Court has no original jurisdiction to try indictments for violation of town ordinances, and the Act of 1871, Chapter 195, does not confer jurisdiction.

2. Town authorities have the power to execute the police laws adopted for the government thereof.

(*State* v. *Threadgill* at this Term, and *State* v. *Brookshank*, 6 Ire., 73, cited and approved.)


INDICTMENT for misdemeanor tried at Spring Term, 1876, of HALIFAX Superior Court, before *Watts, J.*

The defendant was charged with selling spirtuous liquors on Sunday, in the town of Scotland Neck, in violation of an ordinance of said town. On the trial in the Court below, the defendant moved to quash the bill of indictment for

want of jurisdiction, which motion was allowed, and the State appealed.

*Attorney General*, for the State.
*Mr. Thos. N. Hill*, for the defendant.

BYNUM, J.    This case is governed by the *State* v. *Threadgill*, decided at this term of the Court.    It is there held, that the Superior Court has no original jurisdiction to indict for the violation of town ordinances, but that the town only,. through its proper officers and machinery of government. must execute its own police laws.

The indictment here is based upon a misconstruction of the Act of 1871, ch. 195.    That Act consists of but two sections.    The first section gives to the chief officers of cities. and towns the jurisdiction and powers of Justices of the Peace, over crimes committed within their corporations.    The second section makes any violation of any ordinance of such cities and towns, a misdemeanor, "subject to the provisions of this Act."    What provisions?    The only provisions are in the first section, which do no more than confer the jurisdiction of Justices of the Peace upon the chief officers of cities and towns.    Manifestly then, the purpose of the second section of the Act, if it has any meaning at all, was to give to Mayors, &c., final jurisdiction to hear and determine as misdemeanors, all violations of town ordinances where the offence and its punishment are cognizable by a Justice of the Peace.    However that may be, most clearly no jurisdiction is conferred expressly or by fair implication, upon the Superior Courts.    The Act itself creates no new offence. Selling spirituous liquors on the Sabbath, for which the defendant is indicted, is not an indictable offence either at common law or by statute.    *State* v. *Brookshank*, 6 Ired., 73.

No error.    This will be certified.

PER CURIAM.                                        Judgment affirmed.