## STATE v. JOHN H. THREADGILL.

*Jurisdiction -- Violation of Municipal Laws.*

1. In an indictment for misdemeanor for violating a town ordinance, which affixes a penalty of ten dollars fine or ten days imprisonment ; *Held,* that the Superior Court has no jurisdiction.

2. An amended town charter of 1874, which recites that there was a charter of 1825, is no evidence of the powers granted in the first charter.

*((Town of Washington* v. *Hammond,* at this term.)

INDICTMENT for misdemeanor under ch. 111, § 31, Battle's Revisal, tried at Fall Term, 1875, of ANSON Superior Court, before *Buxton, J.*

The indictment charged defendant with selling spirituous liquors, in violation of an ordinance of the town of Wadesboro. The facts, necessary to an understanding of the case, are sufficiently stated in the opinion of this Court.

Verdict and judgment against the defendant ; from which he appealed.

*Attorney General,* for the State.
*Messrs. Dargan & Pemberton,* for defendant.

BYNUM, J. The defendant is indicted in the Superior Court for the violation of an ordinance of the town of Wadesboro. The defendant insists that the Court has no jurisdiction of the offence charged, and that His Honor erred in his instructions to the jury.

I. The jurisdiction. The ordinance was passed in May, 1873, and prohibits the sale of spirituous liquors within the town in the quantity of a quart or less, without the license of the Mayor and the payment of twenty-five dollars, under a penalty of ten dollars or ten days imprisonment. The

2

State claims that the violation of this by-law is indictable‧ in the Superior Courts by virtue of Bat. Rev., ch. 111, § 31,. which section is thus worded: "Any person or persons vio‑‑ lating any ordinance of any city or town of this State, shall be deemed guilty of a misdemeanor, and shall be subject to‧‧ the provisions of this chapter."

Whether the Legislature meant by this act to confer upon the municipal corporations which created the offences, the‧ jurisdiction to try the offenders, or upon the Superior Courts,. is a question admitting of no doubt.    The penalty for violat‑ ing the ordinance is fixed within the limits of the Justice's‧ jurisdiction, and by consequence the jurisdiction of the Su‑ perior Courts is expressly excluded by the Constitution,. Art. IV. §§ 33–15.   But it is insisted by the State, and. His Honor so held the law to be, that when the Statute de‑‑ clared the violation of a town‧ordinance to be a misdemeanor,‑ without limiting the punishment within a Justices jurisdic‑‑ tion, that the punishment of the offence was at the discre‑ tion of the Court, and the Superior Court therefore had ex‑‑ clusive jurisdiction.    If this be so, it was superflous in the‧ town to affix a penalty to the violation of the ordinance.. The corporation has no jurisdiction and therefore cannot en‑‑ force it, and the Superior Court, because it has jurisdiction,, cannot notice it !    The jurisdiction cannot ‧e concurrent, be‑ cause they have not the same power of punishment.    A plain principle governs the case.  ‧ It is this : municipal laws must. be executed by the municipality itself, unless some statute‧ provides expressly otherwise.    This is a limitation which‧ rests upon municipal powers.    The Legislature, in conferring‑ corporate powers, have selected the depository of the powers‧ which they intended should be exercised and, in doing so,. have by implication prohibited its exercise by any other‧ agency; Cooley, Const. Lim. 205.   It would be manifestly un‑ just, to impose on the State and County the expense of adminis‑ tering the by-laws of corporations, enacted by themselves for‑

their own benefit, as distinct from that of the community at large.

II. The evidence. The defendant denied the existence of the corporation, or if it existed, he denied that there was conferred upon it the power to enact the ordinance in question. The ordinance was passed in May, 1873. The State was unable to produce the original town charter, but to establish its existence, offered in evidence what purported to be an amended charter of the town, ratified in 1874, and subsequent to the ordinance. This amended charter recites that the original charter was granted in 1825. Admitting that this was evidence of the existence of a charter, prior to the ordinance, it was not evidence, as His Honor held it to be, of the power contained in the lost charter to make this ordinance. Municipal corporations can exercise no powers but such as are expressly conferred, or are essential to the declared purposes of the corporation. Dillon on Mun. Corp. § 55.

The State having failed to show that the original act of incorporation authorized the enactment of this ordinance, failed to make out the case, and His Honor should have so instructed the jury. The Legislature never intended to make the violation of a void ordinance, an indictable misdemeanor.

Other points were presented, but it is unnecessary to review them. See *Town of Washington v. Hammond*, decided at this term. There is error.

PER CURIAM.                                   *Venire de novo.*