STATE v. JOHN E. HAMPTON.

*Indictment--Selling Liquor--Construction of Statute--Jurisdiction.*

1. The Act of 1874–'75, ch. 126, making it indictable to sell liquor, &c.,
   "within three miles of the located line of the Asheville & Spartanburg
   R. R., during the construction of the said road," applies only to that
   part of the road actually undergoing construction ; *Therefore*, where a
   defendant was indicted un ler this act, and the jury found specially that
   he sold liquor within two miles of the *located line*, but that the road
   had never been in *process of constn uction* within seven miles of the place
   of sale ; *Held*, that he was not guilty.

2. A misdemeanor punishable "by fine of not less than ten nor more than
   fifty dollars, or by imprisonment of not less than ten days," is not
   within the jurisdiction of a Justice of the Peace.

INDICTMENT for a Misdemeanor, tried at Spring Term,
1877, of Buncombe Superior Court, before *Furches, J.*

The defendant was indicted for selling liquor in violation
of Laws 1874-'75, ch. 126 : Sec. 1. "That it shall be unlaw-
ful for any person or persons to sell or in any manner give
away any intoxicating liquors, or either directly or indirectly
receive any compensation for the same, within three miles
of the located line of the Asheville and Spartanburg Rail-
road during the construction of the said road.

Sec. 2. "Any person violating the provisions of this Act
shall be guilty of a misdemeanor, and on conviction before
any Justice of the Peace, shall be punished by a fine not less
than ten dollars or more than fifty dollars, or by imprison-
ment of not less than ten days."

It was found by a special verdict that the defendant sold
liquor in Asheville ; that the line of said Railroad was loca-
ted two miles south of Asheville ; and that the Road had
never been in process of construction within seven miles of
the place of selling the liquor. Thereupon the Court held

STATE *v.* HAMPTON.

that the defendant was guilty. Judgment. Appeal by defendant.

*Attorney General,* for the State.

*Messrs. A. T. & T. F. Davidson* and *J. H. Merrimon,* for the defendant.

FAIRCLOTH, J. This case turns on the Act of 1874-'75, ch. 126, making it unlawful for any person to sell any intoxicating liquors "within three miles of the located line of the Asheville and Spartanburg Railroad, during the construction of the said road."

The defendant sold liquor within three miles of the "located line," but not within three miles of any part of it undergoing construction, which seems to be the proper interpretation; especially as this view remedies the evil probably aimed at.

If the Legislature intended to give exclusive jurisdiction of this offence to a Justice of the Peace, they failed to do so, by not complying with Art. IV. § 33 (now § 27) of the Constitution.

There is error. Let this be certified to the Superior Court of Buncombe County to the end that the defendant may be discharged.

PER CURIAM. Judgment reversed.