## STATE v. W. M. EDNEY.

### *Appeal—Practice—Jurisdiction.*

1. This court will, on appeal, affirm the judgment in criminal actions in the absence of a bill of exceptions, unless there are errors in the record.

2. The criminal jurisdiction of justices of the peace is confined to cases where the punishment cannot exceed a fine of fifty dollars or imprisonment for *thirty days.*

(Remarks of Ashe, J., on the effect of the substitution of "thirty days" in Art. IV, § 27 of the amended constitution, for "one month" in Art. IV, § 33, of the constitution of '68.)

(*State* v. *Upchurch,* 72 N. C., 146; *State* v. *Orrell,* Busb., 217, cited and approved.)

INDICTMENT for a Misdemeanor tried at Spring Term, 1878, of HENDERSON Superior Court, before *Cloud, J.*

This action was commenced before a justice of the peace, in which the defendant was charged with entering upon the land of the prosecutor, J. H. Townsend, in violation of Bat. Rev., ch. 32, § 116. Judgment was rendered against him for a small sum and costs, from which he appealed to the superior court where the case was submitted to a jury who found him guilty. Defendant then moved for a new trial which was refused by the court, and judgment was pronounced, from which he appealed.

*Attorney General,* for the State.
*Messrs. McLoud* and *Carter,* for the defendant.

ASHE, J. There is no bill of exceptions or statement in nature thereof accompanying the record, and it is the rule of this court in all state cases when there are such omissions, to affirm the judgment below, unless there are errors in the record. *State* v. *Orrell,* Busb., 217.

Upon an examination of this record it appears that the magistrate had no jurisdiction of the case. By the constitution of 1868, Art. IV, § 33, jurisdiction of all criminal matters was given to the justices of the peace, when the punishment did not exceed a fine of fifty dollars or imprisonment for *one month.* There was no such limitation to the punishment prescribed for trespasses to land until the legislature, in order to give justices of the peace jurisdiction of that offence, passed the act of 1873–'74, amending Bat. Rev., ch. 32, §116, by providing that the punishment for a violation of the provisions of that section should not exceed a fine of fifty dollars or one month's imprisonment; and so stood the law, until the adoption of the amended constitution when "thirty days" were substituted in that instrument for the words "one month" in the constitution of 1868. But it has been decided that "month," as used in that constitution, meant a calendar month, and a calendar month may be more than thirty days; so that if a judgment for a violation of that section should be rendered by a justice of the peace in one of those months which have thirty-one days, the imprisonment might exceed by one day the present constitutional limit to the jurisdiction of justices of the peace. *State* v. *Upchurch,* 72 N. C., 146.

There is another defect in the proceedings had before the magistrate which is good ground for the arrest of the judgment, but as we are of the opinion for the reasons above given that the magistrate had no jurisdiction, it is needless

to advert to it. The judgment is reversed. Let this be certified to the court below that the defendant may be discharged.

Error.                                                    Reversed.