## STATE v. JOHN BENTHALL, JR.

*Jurisdiction— Trial— Quashing.*

1. Justices of the peace have exclusive jurisdiction of a misdemeanor for failure to list for taxes. Acts 1877, ch. 155, and 1879, ch. 92. (Remarks of ASHE, J., upon the distribution of judicial power.)

2. Wherever a defect of jurisdiction is apparent in any case, civil or criminal, the court may, on plea or *ex mero motu*, stop the proceeding at any stage ; *Therefore* it is not erroneous to quash an indictment for want of jurisdiction, after a plea of "not guilty" entered

(*Branch* v. *Houston*, Busb., 85 ; *Burroughs* v. *McNeil*, 2 Dev. & Bat. Eq., 297 ; *State* v. *Roach*, 2 Hay., 352, cited and approved.)

INDICTMENT for a Misdemeanor, tried at Fall Term, 1879, of HERTFORD Superior Court, before *Gudger, J.*

This was a motion to quash a bill of indictment. The bill was found at spring term, 1879, and is as follows : "The jurors for the state upon their oaths present, that John Benthall, Jr., late of the county of Hertford, and state of North Carolina, was on the first day of April, 1878, a resident of said county and the owner of property in St. John's township and county aforesaid, subject to taxation, the said John Benthall, Jr., being then and there liable for the tax on said property, and for a poll tax. And the jurors aforesaid, upon

their oaths aforesaid, do further present, that the said John Benthall, Jr., the owner of property in the said township, subject to taxation, the said John Benthall, Jr., being then and there liable for said tax on said property, and for a poll tax as aforesaid, did unlawfully fail to give himself in and to list said property so subject to taxation before the list-taker and county commissioners of said county, on or before the first day of June, A. D. 1878, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state." To which indictment the defendant pleaded "not guilty," and then moved to quash the bill on the ground that justices of the peace had exclusive jurisdiction of all such offences, and that the superior court had no jurisdiction of this case. The motion was sustained by the court, and *Grandy*, solicitor for the state, appealed.

*Attorney General*, for the State.
No counsel for defendant.

ASHE, J. The defendant is indicted under section twenty of the act of 1876–'77, ch. 155, in which it is declared that " all persons who are liable for a poll tax and shall wilfully fail to give themselves in, and all persons who own property and wilfully fail to list it within the time allowed, before the list-taker and the county commissioners, shall be deemed guilty of a misdemeanor, and on conviction therefor shall be fined not more than fifty dollars, or imprisoned not more than thirty days." And it is provided in section seven of the act of 1879, ch. 92, " that justices of the peace shall have exclusive original jurisdiction of all criminal matters arising within their counties, where the punishment now or which shall be hereafter prescribed by law, shall not exceed a fine of fifty dollars or imprisonment for thirty days."

The last act was ratified on the fourth day of March, 1879, and the bill of indictment found on the third Monday after

the fourth Monday in March, 1879. This would seem to settle the question of jurisdiction. The grounds for claiming jurisdiction in the superior court do not appear upon the record, and we are left to conjecture. Possibly the omission of the word "exclusive" in section twenty-seven of article four of the amended constitution, may be held to indicate the intention of the framers of that instrument to authorize the legislature to give concurrent jurisdiction with the superior courts, to justices of the peace in criminal cases where the punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days. However this may be, the twelfth section of the same article of the constitution provides, that "the general assembly shall have no power to deprive the judicial department of any power or jurisdiction which rightfully pertains to it as a coördinate department of the government, but the general assembly shall allot and distribute that portion of this power and jurisdiction which does not pertain to the supreme court, among the other courts prescribed in this constitution, or which may be established by law, in such manner as it may deem best," &c. By virtue of this section, the general assembly, in alloting and distributing the judicial powers of the several courts referred to, had the right to define and prescribe their jurisdiction. And when it provided that justices of the peace should have exclusive original jurisdiction of certain criminal actions, where the punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days, it was in the exercise of a constitutional power, and necessarily deprived all other courts of jurisdiction of such offences.

We are therefore of the opinion that the superior court had no jurisdiction of this case, and that there was no error in the ruling of the court below, unless it be that the objection came too late, and that after the defendant had by his plea put himself upon the country for trial, the court had no right to quash the bill of indictment.

As a general rule a motion to quash on the part of the defendant will not be allowed after the plea of "not guilty," but the courts will entertain a motion by the solicitor to quash at any time before verdict. Archbold Cr. Pl., 67. And if the courts can exercise this power on motion made by the solicitor after not guilty pleaded, we hold it must have the same power *ex mero motu* when it is manifest from the bill of indictment that the case is *coram non judice.* In the case of *Branch* v. *Houston,* Busb., 85, PEARSON, J., in delivering the opinion of the court, held "that the consent or a waiver cannot confer jurisdiction withheld by law, and the instant the court perceives that it is exercising a power not granted, it ought to stay its action; and . *ex necessitate* the court may, on plea, suggestion, motion, or *ex mero motu,* when the defect of the jurisdiction is apparent, stop the proceeding." In support of which he refers to *Burroughs* v. *McNeil,* 2 Dev. & Bat. Eq., 297; *Green* v. *Rutherford,* 1 Ves., 471; Tidd's Practice, 516, 960. See also *Davis* v. *Packard,* 6 Pet., 41; *Griffin* v. *Domingues,* 2 Duer, (N. Y.) 656.

It is true the authorities above cited are civil cases, but in civil actions as well as in indictments the regular order of pleading must be observed; as for instance, a plea to the jurisdiction cannot be pleaded after a plea to the person or declaration, and if the court can of its own motion arrest the progress of a civil action at any stage of the pleadings for a manifest want of jurisdiction in the court, there can be no reason why it may not exercise the same discretion in a criminal action. It would be useless for a court to proceed with the trial to verdict, when it is plain no judgment could be pronounced in case of a conviction. 2 Hawk., P. C., 288, and *State* v. *Roach,* 2 Hay., 352, where the indictment was quashed after plea.

There is no error. Let this be certified, &c.

No error.                                   Affirmed.