STATE v. CHARLES W. CRAIG.

*Jurisdiction—Failure to work Road.*

Justices of the peace have exclusive original jurisdiction of the offence of failing to work the public roads.

(*State* v. *Heidelburg,* 70 N. C., 496, cited and approved.)

CRIMINAL ACTION for failure to work on Public Road, commenced before a justice of the peace and heard on ap-

peal at October Term, 1879, of NEW HANOVER Criminal Court, before *Meares, J.*

The opinion in this case as reported in 81 N. C., 588, was certified to the court below with directions for further proceedings, when on motion of defendant's counsel the judgment was arrested upon the ground of a want of jurisdiction in the justice's court where the action begun, and *Moore,* solicitor for the state, appealed.

*Attorney General,* for the State.
*Mr. A. T. London,* for the defendant.

SMITH, C. J. This case was before the court at the last term, and it was held that upon the facts set out in the special verdict, the defendant was not exempt from liability to work upon the public roads. Upon the calling of the cause in New Hanover criminal court for further proceedings, on motion of the defendant's counsel, judgment was arrested and the solicitor appealed. The argument in support of the ruling below is the want of jurisdiction in the justice, with whom the proceedings originated, to hear and determine the subject matter of the charge, and this is the only point presented in the appeal. It thus becomes necessary to examine and ascertain the result of the legislation in respect to the offence.

By the act of February 16th, 1871, it is declared "that if any person liable under existing laws, to work upon the public roads shall wilfully refuse to work upon said roads after being legally summoned for that purpose, &c., the person, so offending, shall for every such offence be deemed guilty of a misdemeanor and upon conviction before a justice of the peace shall be fined not less than two nor more than five dollars." Bat. Rev., ch. 32, § 112.

This act was amended by the act of February 16th, 1874, which provides that "the punishment for this offence shall

not exceed a fine of fifty dollars or imprisonment for one month." Act of 1873–'74, ch. 176, § 7.

In consequence of the recent amendment to the constitution whereby the jurisdiction of justices of the peace is restricted to criminal cases where "the punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days" instead of one month, as before, it became necessary, to retain the jurisdiction of these officers, that a different penalty should be prescribed. This is done in the act of February 28th, 1879, act 1879, ch. 92, the first section of which confers upon justices of the peace "exclusive original jurisdiction to hear, try and determine the offences enumerated in sections 43, 85, 112," &c., of chapter 32 of Bat. Rev., as amended by chapter 176, of the laws of 1873–'74; "and the punishment for every such offence shall not exceed a fine of fifty dollars or imprisonment for thirty days."

There would be no difficulty about the question of juristion under this legislation, were it not for the act of March 14th, 1879, entitled "An act to provide for keeping in repair the public roads of the state." Acts of 1879, ch. 82. Section 6 of this act provides that "any person liable to work on the road who shall fail to attend and work, as hereinbefore provided, when summoned so to do, unless he shall have paid the one dollar as aforesaid, shall be guilty of a misdemeanor, and on conviction shall be fined not less than two dollars nor more than five dollars, or imprisonment not exceeding five days, *or both,* in the discretion of the court.

This section, considered without regard to other parts of the enactment, by force of the words "*or both,*" withdraws the offence from the cognizance of a justice of the peace, as was decided in *State* v. *Heidelburg,* 70 N. C., 496. But the next section requires the overseer to make a report, verified by oath, to the board of township supervisors, of the "names of hands who failed," after being summoned, "to attend and work," or to pay the one dollar in lieu thereof, and it is

made the duty of the justice administering the oath "to issue a warrant for the arrest of any such hand or hands" and to "put him or them upon trial for the offence."

While the statute plainly contemplates the undisturbed jurisdiction of a justice over the offence described in section 6, and provides for its exercise, the punishment authorized to be inflicted transfers and vests it exclusively in the superior court. These sections are inconsistent, and one or both must give way. If a fine and imprisonment may conjointly be imposed, as prescribed, the superior court has exclusive cognizance of the offence, and yet the intent to retain the jurisdiction of the justice is as plainly expressed as in the act of February preceding. It is the duty of the court to give effect to the legislative will, consistent with the constitution, and whenever practicable, to reconcile the different provisions of the law. When this cannot be done, the prevailing intent and general purposes of the enactment must prevail over particular and repugnant provisions contained in it. Acting upon this rule of interpretation, we are forced to hold the words "or both" perhaps inadvertently introduced, irreconcilable with the jurisdiction expressly conferred, and under the constitution inoperative and void. A part of a statute in excess of power may be null and the rest remain in force, and thus harmony be restored. This construction softens the asperities of a rigorous but perhaps necessary law, while any other would be doing violence to the declared legislative purpose and neutralize its important provisions.

The present proceeding commenced as in other criminal prosecutions by warrant issued upon affidavit and charging a *wilful refusal* to work, (the misdemeanor defined in section 112, Bat. Rev.,) and not in the mode pointed out, nor for the mere failure to attend and work, (the offence described in sections 6 and 7 of the act of 1879). If the latter act does not supersede and displace the former, the jurisdiction may

be sustained independently of the latter. We therefore declare the ruling of the court below erroneous and this will be certified to the end that the court proceed to judgment according to law.

PER CURIAM.                                             Error.