## STATE v. SOLOMON JONES.

*Justice's Jurisdiction—Disposing of Property under Mortgage.*

Justices of the peace have exclusive jurisdiction of the offence of fraudulently disposing of personal property embraced in a chattel mortgage. (Acts 1874, ch. 31; 1875, ch. 215; 1879, ch. 92.)

(*State* v. *Upchurch*, 72 N. C., 146; *State* v. *Edney*, 80 N. C., 360, cited and approved.)

42

INDICTMENT for a Misdemeanor tried at Spring Term, 1880, of CAMDEN Superior Court, before *Graves, J.*

Upon the facts found by the special verdict, the court held that defendant was not guilty, and the solicitor for the state appealed. The decision of this court being upon the question of jurisdiction, a statement of the facts found by the special verdict is unnecessary.

*Attorney General*, for the State.
*Messrs. Pruden & Shaw*, for defendant.

SMITH, C. J. The defendant is charged with violating the act of 1874-'75, ch. 215, in disposing of part of his crop embraced in a chattel mortgage with intent to defraud the mortgagee-creditor, and on the trial the jury rendered a special verdict. The court being of opinion that the facts found do not constitute the criminal offence imputed and that the defendant was not guilty, so adjudged and the solicitor appealed.

The judgment of the court is sustained in the argument for the defendant upon several grounds:

1. The verdict fails to find the intent to defraud, which under the statute is a constituent element of the criminal act.

2. The conveyance of twenty barrels of a planted crop which yields thirty barrels of corn, is operative to pass title, and the mortgagee acquired no property of which he could be defrauded by a disposition of any part of it.

3. The verdict does not show that the defendant sold more than the excess to which he was entitled under the mortgage.

There is much force in each of these objections, but it is not necessary to pass upon them, since it is plain that the offence charged, whether supported by the verdict or not, is exclusively cognizable before a justice of the peace, and the

superior court has no original jurisdiction to hear and determine it.

The act upon which the indictment is framed, which is but a re-enactment of the previous act of 1873-'74, ch. 31, extending its provisions to those who knowingly purchase property so conveyed or under lien, or who aid and assist in its fraudulent disposition, prescribes the punishment of "a fine not exceeding fifty dollars or imprisonment not exceeding one month." As the amended constitution (Art. IV., § 27,) confers jurisdiction on justices of the peace "under such regulations as the general assembly shall prescribe," of all criminal matters where the punishment cannot exceed "a fine of fifty dollars or imprisonment for thirty days," the offence when committed was within the cognizance of the superior court alone, as a month may be more than thirty days. State v. Upchurch, 72 N. C., 146; State v. Edney, 80 N. C., 360.

But the law has been changed by the act of 1879, ch. 92, section four of which provides that the words "imprisonment for one month" whenever used in any statute shall be replaced by the substituted words, "imprisonment for thirty days"; and section seven vests in the justices of the peace exclusive original jurisdiction of all criminal matters where the punishment which now is or hereafter may be prescribed by law "shall not exceed a fine of fifty dollars or imprisonment for thirty days." The superior court therefore had no jurisdiction of the offence when the prosecution was instituted, and was not authorized to render judgment therefor.

There is no error in the refusal to proceed to judgment, and the defendant is entitled to his discharge. This will be certified.

PER CURIAM.                              No error.