STATE v. WILLIAM M. DUDLEY.

*Justice's Jurisdiction—Entering on Land.*

Justices of the peace have exclusive original jurisdiction of the offence of entering on land after being forbidden. (Act 1879, ch. 92.)

INDICTMENT for a Misdemeanor, tried at Fall Term, 1879, of CARTERET Superior Court, before *Eure, J.*

The defendant was indicted at a superior court opened and held for the county of Carteret, on the ninth Monday after the first Monday in March, 1879, for an unlawful and wilful entry upon the land of one Laughton, without a license therefor after being forbidden so to do. Upon plea to the jurisdiction of the court, the judge held that exclusive original jurisdiction of the offence charged in the bill of indictment was vested in a justice of the peace, and discharged the accused, and from that judgment *Galloway*, solicitor for the state, appealed.

*Attorney-General,* for the State.

Defendant not represented in this court.

DILLARD, J. We concur in the opinion of the court below. By the act of 1879, ch. 92, § 1, exclusive original jurisdiction is given to justices of the peace of divers offences mentioned in said section, with a power of punishment not exceeding a fine of fifty dollars or imprisonment for thirty days; and among the offences so made cognizable by a justice of the peace are those enumerated in section 116 of chapter 32 of Battle's Revisal.

Said section 116 enumerates three offences, (1) an unlawful and wilful entry without license after being forbidden, as charged in this bill of indictment; (2) an unlawful and

wilful entry by a person not being the present owner or *bona fide* claimant of the premises, and carrying therefrom any wood or other thing *without* a felonious intent, both of these being misdemeanors; and (3) such entry and carrying away of wood or other thing as specified in the last offence aforesaid *with* a felonious intent, which last offence in the words of the statute is to be deemed a larceny and punished as such.

The offence charged against the defendant is of the first kind described in section 116, and is a petty misdemeanor. It was therefore within the constitutional power of the legislature to give cognizance of it and such offences, to a justice of the peace, as authorized by the constitution. Art. I, § 13, and Art. IV, § 27.

The act of the legislature (1879, ch. 92, § 1) undertakes to clothe justices of the peace with jurisdiction of the misdemeanor charged in the bill of indictment *in this case.* It may be questioned whether it operates to confer on justices of the peace jurisdiction to try and determine the offence in the 116th section, which is *to be deemed a larceny and be punished as such.* But the question does not arise on this indictment, and we therefore express no opinion on that point. There is no error. Let this be certified.

PER CURIAM.                                        No error.