STATE v. W. P. WILSON.

*Justices of the Peace—Jurisdiction.*

Justices of the peace have exclusive jurisdiction of the offence of carrying a pistol on the Sabbath, being off one's premises. Bat. Rev., ch. 117, and acts amendatory thereof.

INDICTMENT for a misdemeanor tried at Spring Term, 1879, of TRANSYLVANIA Superior Court, before *Gudger, J.*

The defendant was indicted for violating the provisions of section 117, chapter 32, of Battle's Revisal, in carrying a pistol on the Sabbath, being off his premises. When called to answer, he moved the court to quash the indictment upon two grounds:

1. That the court had no jurisdiction of the subject matter thereof.

2. For formal defects in the bill.

The motion was overruled and the defendant excepted. Upon the trial the jury rendered a verdict of guilty, and from the judgment pronounced the defendant appealed.

*Attorney General,* for the State.
No counsel for defendant.

RUFFIN, J. As in our opinion the ground first assigned was well taken and disposed of the case, our attention will be confined to it.

It is much to be regretted that any of our statutes, and especially those which define offences, denounce punishments, and limit the jurisdiction of the several tribunals of the state, should be so uncertainly written as to leave any doubt as to their intent and purport. Such, however, we find to be the case in regard to the jurisdiction over the offence charged upon the defendant in this case; and so much obscured has it been by the several acts passed in relation to it that we are not surprised that His Honor who tried the case found difficulty in arriving at a right conclusion. Indeed we must confess that our decision is more the result of an inference than of certain knowledge derived from the statutes themselves.

The 117th section referred to defines the offence and provides that upon conviction the offender shall pay a fine not to exceed fifty dollars, two-thirds of which shall enure to the benefit of the free schools of the county, and the remainder to the informant.

The 118th section being a distinct and independent one, provides that upon failure to pay the fine imposed by the previous section the convict shall be imprisoned at hard labor for a period not to exceed three months.

The act of 1873-'74, ch. 176, § 9, provides that section 117 of chapter 32 of Battle's Revisal, being the statute under which the defendant is indicted, shall be so amended as that the punishment for the offence shall not exceed a fine of fifty dollars, or imprisonment for one month ; and section 13 undertakes to confer the jurisdiction over the offence upon the courts of justices of the peace.

The act of 1879, ch. 92, § 1, again amends section 117 and also the act of 1873-'74 and fixes the punishment so that it cannot exceed a fine of fifty dollars or imprisonment for thirty days, and gives the justices exclusive jurisdiction of the offence.

It will be noticed that no statute attempts or professes to

repeal, amend, or in any wise affect the 118th section except as its repeal may be inferred because of its being in conflict with the provisions of the acts of 1873–'74 and 1879.

If that section is still operative, then inasmuch as this defendant may, in the event of his failure to pay the fine imposed on him upon conviction for the offence, be subjected to an imprisonment at hard labor for three months, the statutes giving jurisdiction to the justices would be unconstitutional, and the action of His Honor in maintaining the jurisdiction of the superior court would be correct.

We have, however, arrived at the conclusion that, though not in express words, the 118th section is repealed, and therefore there was no obstacle in the way of the jurisdiction of the justice.

The purpose of the legislature to accomplish this object has been twice expressed—once in the act of 1873–'74 and again in the act of 1879. So that but little room is left to doubt as to what was the real intent of those who framed the statutes; and as the last act declares that the jurisdiction of the justices shall be *exclusive,* and as the punishment therein denounced squares exactly with the limitation imposed by the constitution on that jurisdiction, we feel justified in saying that the legislature must have intended to repeal that section which would otherwise have defeated the object it had in view.

We are, therefore, of the opinion that the superior court had no jurisdiction of the offence charged against the defendant, and that treating his motion to quash as a plea to the jurisdiction it should have been sustained.

Error.                                                    Reversed.