STATE v. CATHERINE WOOD.

*City Ordinances—Justices Jurisdiction.*

A justice of the peace has jurisdiction to try misdemeanors, arising from violations of the ordinances of cities and towns.

(*State* v. *Threadgill*, 76 N. C., 17; *State* v. *White*, 76 N., C., 15, cited and distinguished).

MOTION to quash a warrant issued by a justice of the peace, heard on appeal by *Clark, Judge,* at the November Special Criminal Term, 1885, of the Superior Court of WAKE county.

The charge against the defendant, as set out in the warrant, was, that on the 29th day of September, 1885, within the corporate limits of the city of Raleigh, she unlawfully and wilfully violated §3, ch. 5, of the ordinance of the city of Raleigh, by saying to the prosecutrix in loud and boisterous language, "You are a nasty stinking scar-faced bitch."

When the case was called for trial before the justice, the defendant, through her counsel, moved to quash the warrant, because the justice had no jurisdiction to issue it, and try the defendant for the offence charged in the warrant; the jurisdiction being exclusively in the Mayor of the city of Raleigh, as

was held in the case of *State* v. *Threadgill,* and *State* v. *White,* reported in 76 N. C. Reports.

The motion was sustained, and the State appealed to the Superior Court, by the counsel representing the prosecution.

At the November Special Criminal Term, 1885, of the Superior Court for the county of Wake, before Clark, Judge, the defendant again moved to quash the warrant, upon the same ground as taken below, and the motion was sustained by the Court, from which judgment the State appealed to this Court.

*Attorney General* for the State.
*Mr. Daniel G. Fowle,* for the defendant.

ASHE, J. (after stating the facts). The case of *State* v. *Threadgill,* 76 N. C., 17, and *State* v. *White,* 76 N. C., 15, were decided by the Court under the Act of 1871, ch. 195, which is the same as the provision in Battle's Revisal, ch. 111, §§30 and 31.

By the Act of 1871, §1, the chief officers of all cities and towns, were endowed with the same jurisdiction and powers as had therefore been given to justices of the Peace, in criminal matters, except that such officer shall not take jurisdiction of any offence committed beyond the limits of the city or town, of which he was such chief officer.

And the second section provided, that " any person or persons violating any ordinance of any city or town of the State, shall be deemed guilty of a misdemeanor, *and be subject to the provisions of this chapter.*"

What were the provisions of this chapter? They are none other than that the mayor or other chief officer of the city or town, should have jurisdiction to try all criminal matters of which justices of the peace had jurisdiction, which might occur in the corporate limits of his city or town, and it was to this jurisdiction, that any person violating an ordinance of such city or town, was subjected by the second section of the act; and it was this provision in the second section of the act—" *shall be*

*subjected to the provisions of this Act"*—that led this Court to decide in *Threadgill's* and *White's* cases, *supra,* that the mayor or chief officer of a city or town had exclusive jurisdiction of violations of the ordinances of cities or towns, of which they were chief officers.

But when the act of 1871 was carried forward into the Code, the words, "and shall be subjected to the provisions of this chapter," were omitted, so that the section read : "Any person violating an ordinance of a city or town, shall be guilty of a misdemeanor, and shall ·be fined, not exceeding fifty dollars, or imprisoned, not exceeding thirty days." There are no restrictive words. The very terms of the enactment, are such as to confer jurisdiction upon justices of the peace, and our opinion is, under this section of the Code, the justice of the peace had jurisdiction, and it was error to quash the warrant on that ground.

Let this opinion be certified to the Superior Court of Wake county, to the end that a *procedendo* may be issued to the justice before whom the case was pending when the warrant was quashed, that the case may be proceeded with according to law.

Error.                                              Reversed.