STATE v. A. R. HOLLINGSWORTH.

*Indictment—Finding the Bill—Jurisdiction—Selling Spirituous Liquors—Local Option Election.*

1. The statute, *Code,* § 1742, requiring the foreman of the Grand Jury to mark on the bill the names of witnesses sworn and examined, is directory, and its not appearing by endorsement on a bill that the only witness had been sworn and examined, is no ground for quashing the indictment or arresting the judgment.

2. Under Chap. 417, Acts of 1887, the Superior Court of the County has jurisdiction of an indictment against one who sold spirituous liquors, &c., within two miles of either of the places in Henderson County named in the Act.

3. A local option election, in favor of *license,* in a town situate within two miles of a locality where the sale of spirituous liquors is prohibited by law, does not have the effect to abrogate that law (*Code,* § 3116).

THE defendant and one Allen were indicted for unlawfully selling spirituous liquors, and tried before *Merrimon, J.,* at the Spring Term, 1888, of the Superior Court of HENDERSON County.

The indictment contains two counts—the first for retailing without license; and the second for unlawfully selling spirituous liquors within two miles of Mud Creek Baptist Church, contrary to the statute.

When the case was called for trial, and before the jury was empaneled, the defendant moved to quash the indictment, "upon the ground that it did not appear from any endorsement upon the bill, that the only witness, J. A. Bryson, had been sworn or examined before the grand jury."

It did appear that the grand jury had returned said bill in open Court as "a true bill," and the name of the witness was endorsed on the back of the bill, and a record of said bill and return was duly made by the Clerk. The motion was overruled, and the defendants excepted.

Defendants then moved to dismiss for want of jurisdiction, and insisted that the Revenue Act of 1887 conferred jurisdiction upon Courts of Justices of the Peace, in all cases where liquors are retailed without license, in quantities less than a quart. Motion overruled, and defendants excepted.

The Solicitor abandoned, in effect, entered a *nol. pros.* to the first count, and the defendants then entered the plea of not guilty, and were tried upon the second count alone.

It was in evidence, that the defendants had sold liquor within three months prior to the trial (which was the term of the Court at which defendants were indicted) in the town of Hendersonville, in a building occupied by them, on main street, near the post-office.

It was also in evidence, "by surface measurement," a part of the town of Hendersonville, including the building where the defendants sold, was within two miles of Mud Creek Baptist Church.

It was also in evidence, on the part of the defendants, that on the first Monday in June, 1887, an election was held, under the Local Option Act, in the town of Hendersonville, at which election a majority of the qualified voters voted for "License."

It was insisted on behalf of the defendants, "that being charged with selling spirituous liquors only within two miles of Mud Creek Baptist Church, it was no longer necessary for

them to exhibit a license from the Sheriff of the county, but only to show, that under the provisions of the Local Option Act, an election had been held in the town of Hendersonville, and that the result of that election was a majority "For license;" that the jury should, therefore, assume that license had issued. His Honor declined to so charge the jury, but charged that a sale of spirituous liquors within two miles of Mud Creek Baptist Church, if it included a portion or all of the town of Hendersonville, would make the defendants guilty. Defendants excepted.

There was a verdict of guilty as to Hollingsworth—not guilty as to Allen. Defendant Hollingsworth moved for new trial; motion refused; judgment and appeal.

*Attorney General* and *Mr. John Devereux, Jr.*, for the State. No counsel for the defendant.

DAVIS, J., (after stating the facts). 1. The first exception is to the refusal of his Honor to quash the indictment. There is no error in this. The indorsements on the bill form no part of the indictment, and it has been held that the Act of 1879, *The Code*, § 1742, requiring the foreman of the grand jury, when the oath is administered by him, to mark on the bill the names of the witnesses sworn and examined before the jury, is merely directory, and a non-compliance therewith is no ground for quashing the indictment. *State* v. *Hines*, 84 N. C., 810. It constitutes neither ground for a motion to quash nor in arrest of judgment. *State* v. *Sheppard*, 97 N. C., 401; *State* v. *Baldwin*, 1 D. & B., 195; *State* v. *Roberts*, 2 D. & B., 540; *The Code*, § 1183.

2. The second exception is to the jurisdiction of the Court. This is based upon a misapprehension as to the misdemeanor charged.

The penalties imposed by the Revenue Acts of 1887, (ch. 135, § 35,) are for violations of the revenue law, in practicing

the trades or professions, or using the privileges taxed by that act, (among them dealing in liquors,) without first paying the tax and obtaining the license, and as these do not exceed fifty dollars fine, or imprisonment for more than thirty days, the Justice of the Peace has jurisdiction; but chapter 417, Acts of 1887, makes it unlawful for any person to "sell any spirituous, vinous or malt liquors within two miles of  *   *   * Mud Creek Baptist Church,  * * * in Henderson County;" it enacts further, that the "person or persons so offending, shall be deemed guilty of a misdemeanor, and shall be fined and imprisoned, at the discretion of the Court." This is the statute under which the defendant is indicted, and the Court has jurisdiction.

3. The third exception is to the charge of his Honor, as to the effect of the vote of the town of Hendersonville, at the election in June, 1887, upon local option. If there were any doubt as to the correctness of his Honor's charge, it is settled by the Local Option Act, under which the election was held, by which it is expressly provided, that the election shall not "affect localities in which the sale of spirituous liquors are prohibited by law." *The Code,* § 3116. "Within two miles of Mud Creek Baptist Church," is a locality within which the sale of spirituous liquors is "prohibited by law," and it is therefore within the *proviso* of the Local Option Act, and there was no error in his Honor's charge.

Affirmed.