### THE STATE v. JOHN C. DEATON.

*Liquor Selling—Statute—Jurisdiction—Taxation.*

1. The provisions in the " Revenue Laws " of 1885 and 1887, regulating
   the rate of taxation and the method by which licenses may issue
   for the sale of liquors, did not repeal or suspend the operation of
   the general statute (*The Code*, § 1076) making it a misdemeanor to
   retail such liquors without a license.   Nor did the Revenue Act of
   1887 repeal that of 1885 in respect to the penalties and punish-
   ments therein imposed.

2. The Superior Court has jurisdiction of the offence of retailing spir-
   ituous liquors without license.

This is a CRIMINAL ACTION, tried before *Avery, J.,* at Spring
Term, 1888, of MONTGOMERY Superior Court.

The defendant is indicted for retailing spirituous liquors
by a measure less than a quart in the month of March, 1886,
without having obtained a license so to do, as required by
the statute (Acts 1885, ch. 175, § 34).   He insisted that the
statute under which he was indicted was repealed by the
subsequent statute (Acts 1887, ch. 132, § 45), and therefore
he could not be convicted.   He further contended that the
Superior Court had not jurisdiction.

There was a verdict of guilty, and judgment accordingly
against the defendant, from which he appealed.

STATE *v.* DEATON.

*The Attorney General,* for the State.

No counsel for the defendant.

MERRIMON, J. (after stating the case.) The general statute (*The Code,* § 1076) provides that " if any person shall retail spirituous liquors by the small measure in any *other manner than is prescribed by law,* he shall be guilty of a misdemeanor, and shall be fined or imprisoned, or both, in the discretion of the Court." The statutes, commonly called " revenue laws " (Acts 1885. ch. 175; Acts 1887, ch. 135), do not change or modify the general statutory provisions above recited; they regulate the sale of spirituous and other liquors, and prescribe that such liquors shall not be sold in certain specified quantities, until and unless the person who desires to sell shall first have obtained a license in the way prescribed, authorizing him to sell the same; but they do not prescribe the criminal offence of selling such liquors without a license—that is done by the statutory provision first above recited. And, plainly, the Superior Court has jurisdiction of such offence, because the punishment is fine or imprisonment—one or both—in the discretion of the Court. A Justice of the Peace has jurisdiction of criminal offences only " where the punishment prescribed by law shall not exceed a fine of fifty dollars or imprisonment for thirty days." *The Code,* § 892.

Now the statute (Acts 1885, ch. 175, § 34), among other things, provides that " every person, company or firm for selling spirituous, vinous or malt liquors, or medicated bitters, shall pay a license tax quarterly, in advance, on the first day of January, April, July and October, as follows: First, for selling in quantities less than a quart, twenty dollars," &c.; and further, that " every person, company or firm wishing to retail liquors in quantities less than five gallons, shall apply to the Board of County Commissioners for an order to the Sheriff to issue a license, stating the place at

which it is proposed to conduct the business," &c. The defendant is indicted under the statute (*The Code,* § 1076) above cited, for selling spirituous liquors without obtaining such license. His contention that the subsequent statute (Acts. 1887, ch. 135, § 45) repealed that just mentioned, is wholly unfounded; and more particularly, it does not in any way affect the general statute under which he is indicted. *State v. Sutton,* 100 N. C., 474. He is indicted under the latter statute for a violation of the revenue law.

There is no error.                                   Affirmed.