## THE STATE v. WILLIAM KIRBY.

### *Disturbing Religious Congregations.*

The defendant and another engaged in a fight about thirty-five yards from a church in which, at the time, a congregation was engaged in religious worship. One who was present at the fight ran to the church and called out, " They are fighting at the fire," whereby the congregation was disturbed. The jury found that the congregation would not have been disturbed but for the fact of their attention being called to the fight in the manner described: *Held*, the defendant was not guilty of disturbing a religious congregation.

INDICTMENT for disturbing a religious congregation, tried before *Bynum, J.,* at March Term, 1891, of WILKES Superior Court.

The jury found, as a special verdict, that the defendant and another engaged in a fight outside of, and about thirty-five yards from, the church, while the congregation was assembled for divine worship; that during the fight some one ran to the church and called out, "They are fighting out yonder at the fire," whereupon many of the congregation ran out, and services suspended; that when the members of the congregation got out to the fire the fight was over. The jury further found that the language used by the defendants during the fight and quarrel was not loud enough to have disturbed the congregation, and they were not disturbed by the fuss at the fire, and would not have been disturbed if some one had not run to the church and called out that they were fighting.

The Court being of opinion, upon the facts found, that the defendant was not guilty, so held, and the verdict and judgment were accordingly entered. Appeal by the State.

*The Attorney General,* for the State.
No counsel for the defendant.

CLARK, J.—after stating the case: The special verdict having found as a fact that "the congregation was not disturbed by the fuss (*i. e.,* the quarrel and fight) at the fire," we do not see how it could be held that the congregation was, notwithstanding, disturbed thereby.

It is found that the congregation was disturbed by some one excitedly reporting that there was a fight. This was not the act of the defendant, nor was it necessarily the result of his actions. It should have appeared clearly, and not by inference only, that by the judgment of the Court the defend-

ant was discharged (*State* v. *Hazell*, 95 N. C., 623), but the Attorney General admits that such was the fact, and consents that the record may be amended so as to show it.

Affirmed.