### STATE v. DAVIS.

(Filed December 20, 1901.)

1. STATUTES—*Repeal by Implication—Road Overseer—Highways—Acts 1899, Ch. 581—Acts 1901, Ch. 501.*

   A township being a unit of a county, a general law for the county repeals a local law existing in one or more townships, where it provides a different rule about the same subject-matter.

2. JURISDICTION—*Superior Court—Justices of the Peace—The Constitution, Art. IV, Sec. 27—Acts 1901, Ch. 501.*

   Where a statute prescribes a penalty of not less than ten nor more than fifty dollars, and no imprisonment is imposed, a justice of the peace has exclusive original jurisdiction.

INDICTMENT against James Davis, heard by Judge *M. H. Justice,* on motion to quash, at Fall Term, 1901, of the Superior Court of McDOWELL County.    From order of quashal, the State Solicitor appealed.

*Brown Shepherd,* for *Robert D. Gilmer, Attorney-General,* for the State.

*E. J. Justice,* for the defendant.

COOK, J.    Defendant was indicted for failing to perform his duties as a road overseer in Marion Township, in McDowell County.    His counsel moved to quash the bill of indictment.    The Solicitor for the State admitted that Chapter 581 of the Acts of 1899, was adopted and made applicable to the township of Marion, in the county of McDowell, as is provided by section 23 of said act, and that defendant was an overseer of the roads in Marion Township, appointed by the Justices of the Peace, under the law as amended by Chapter 501, of the Acts of 1901.    His Honor held that said Chapter 581, Acts 1899, was applicable to and the law in said Ma-

rion Township, and not repealed by Chapter 501, Acts 1901, and therefore his appointment was invalid.

His Honor further held that if Chapter 501, Acts 1901, was applicable to Marion Township, the Superior Court would not have jurisdiction over the offense, and adjudged that the bill of indictment be quashed on both grounds; from which judgment the Solicitor appealed.

The first question raised is whether the act of 1899, Chap. 581, the provisions of which were adopted by and for Marion Township, was repealed as to said township by the act of 1901, Chap. 501.

Pursuant to the act of 1899, the township of Marion adopted a special system, therein provided, for the working of the roads within its territory, wherein and whereby the office of overseer of the roads was abolished.

The act of 1901 amends the general road law of The Code (section 2017), and as amended makes it apply "only to the county of McDowell," having no repealing clause whatsoever; and it was under this act that the defendant was appointed overseer of roads in his, Marion, township, the authority of which he refused to recognize, and indictment followed.

The general rule of construing statutes, as laid down by Mr. Blackstone, is that when the later statute differs from the older, the older gives place to the later one, *"leges posteriores priores contrarias abrogant."* But, he says, that is to be understood *only* when the later law is couched in negative terms, or where its matter is so clearly repugnant that it necessarily implies a negative, and for illustration says: "As if a former act says that a juror upon such a trial shall have twenty pounds a year, and a new statute afterwards enacts that he shall have twenty marks; here, the later statute, though it does not express, yet necessarily implies a negative, and virtually repeals the former."

Applying this rule to the case now under consideration, we have a statute. saying the whole of McDowell County, or any one or all of the townships, *may* adopt the statute of 1899, and it is in fact adopted by this one of the townships; and a new statute afterwards enacts that Chapter 50 of The Code, sec. 2017, be amended, and, as amended, adopted and *apply* to the *county* of McDowell. These two statutes relate to the same subject-matter, and are enacted for the same purpose. The former provides for a system which may or may not be uniform in the county; while the latter provides ·for a different system which *is* uniform throughout the county, and operated upon a different basis. Wherefore, though it does not express, yet necessarily implies, a negative and repeals the former. . A township is a unit of the county, and a general law for the county must necessarily repeal a local law existing in one or more townships providing a different rule about the same subject-matter.

In *Winslow· v. Morton,* 118 N. C., 486 (on page 492), it is held that "where a later or revising statute clearly covers the whole subject-matter of antecedent acts, and it plainly appears to have been the purpose of the Legislature to give expression in it to the whole law on the subject, the latter is held to be repealed by necessary implication. *Matter of N. Y. Institution,* 121 N. Y., 234; *N. S. v. Linen,* 11 Wallace, 88; *Jernigan v. Holden,* 34 Fla., 530."

In *Pulaski County v. Downer,* 10 Ark., 590, approved in *Meares v. Stuart,* 31 Ark., 17, the Court says: "The authorities are abundant to support the proposition that where the Legislature takes up a whole subject anew, and covers the entire ground of the subject-matter of a former statute, and evidently intended it as a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act provisions not embraced in the new."

In *Norris v. Crocker*, 13 How., 429, approved and quoted in *U. S. v. Claflin*, 97 U. S., 546 (on pages 551 and 552), it was said by the Court: "As a general rule, it is not open to controversy that where a new statute covers the whole subject-matter of an old one, adds offense, and prescribes different penalties for those enumerated in the old law, the former is repealed by implication, as the provisions of both can not stand together."

In *Tracy v. Tuffly*, 134 U. S., 206, on page 223, the Court says: "And while it is true that repeals by implication are not favored by the Courts, it is settled that, without express words of repeal, a previous statute will be held to be modified by a subsequent one, if the latter was plainly intended to cover the whole the subject embraced by both, and to prescribe the only rules in respect of that subject that are to govern."

Both of the acts now under consideration relate to the subject of working the roads in that county. The former provides a complete system of machinery for carrying into operation the purposes of the act, repealing all former acts inconsistent with it, and prescribing as a penalty for failure to perform duty upon the part of the officers and employees employed thereunder that they shall be guilty of a misdemeanor; and requires that all able-bodied male persons of the county between the ages of twenty-one and forty-five years shall work on the public roads four days in each year, or in lieu pay the sum of two dollars, and upon failure or refusal, to be guilty of a misdemeanor and fined not less than two or more than five dollars, or sentenced to work on the public roads not less than ten nor more than twenty days. While the latter act, covering the same subject, provides an entirely different system and creates new and different duties and penalties, which, by necessary implication, repealed the former. And as to this question, we think his Honor was in error.

STATE *v.* DAVIS.

As to the other question, the act of 1901 prescribes *only* a fine of not less than ten nor more than fifty dollars for failure to perform the duty imposed. And the indictment was instituted in the Superior Court. Under Article IV., sec. 27, of our Constitution, it is declared that Justices of the Peace shall have jurisdiction "of all criminal matters arising within their counties where the punishment can not exceed a fine of fifty dollars or imprisonment for thirty days." The fine prescribed by this act does not exceed fifty dollars, and no imprisonment is imposed; therefore, the Superior Court did not have original jurisdiction of the offense, and his Honor properly quashed the bill upon that ground, and the action must be dismissed for want of jurisdiction in the Superior Court.

Error, and action dismissed.