STATE v. WISEMAN.

(Filed November 25, 1902.)

1. JUSTICES OF THE PEACE—*Jurisdiction*—*Constitution, Art. 4, Sec. 27*—*Acts 1901, Chap. 182*—*Criminal Law.*

 Where a statute permits a fine of as much as $10 for each hog permitted to run at large, and the warrant of a justice charges the running at large of ten hogs, the justice has no jurisdiction.

2. SUPERIOR COURTS—*Jurisdiction.*

 Where a justice of the peace has no jurisdiction of a criminal action heard by him, owing to the amount involved, the superior court acquires no jurisdiction on appeal if tried on the warrant.

INDICTMENT against S. Wiseman, heard by Judge *H. R. Starbuck,* at August Term, 1902, of the Superior Court of MITCHELL County. From an order dismissing the appeal, the State appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
No counsel for the defendant.

FURCHES, C. J. This is a criminal action, commenced before a Justice of the Peace, under chapter 182, Acts 1901. The warrant charges that the defendant allowed ten hogs to run at large off his premises in violation of the provisions of the first section of said act. And the second section thereof is in the following language: "That any person or persons violating the provisions of section 1 of this act shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than two dollars nor more than ten dollars for each and every offense, for each head of stock so allowed to run at large." The defendant was found guilty in the Justice's Court of allowing eight head of hogs to run at large off his premises, in violation of said act, and was fined two dollars for each hog— making $16. The defendant appealed from this judgment to the Superior Court, where he was again tried upon the *same warrant,* and was again found guilty. But the Court arrested the judgment and dismissed the action for want of jurisdiction, and the State appealed.

This statute makes a violation of section 1 a misdemeanor, and does not prescribe any punishment, except as to each hog. But Article IV, section 27, of the Constitution fixes the jurisdiction of Justices of the Peace, and limits it in criminal matters to cases in which the fine *can not exceed fifty dollars,* or the imprisonment thirty days. And under this statute the fine is limited to ten dollars for *each hog*—"the fine shall not exceed ten dollars for each hog so allowed to run at large." And although he was only fined two dollars a hog, or sixteen dollars for the eight, he might have been fined as much as eighty dollars, this being thirty dollars in excess of his jurisdiction. It is therefore plain to see that the Justice of the Peace did not have jurisdiction.

But the State contends that the Superior Court had jurisdiction of the offence, and the case having been carried to that Court by appeal, that gave the Superior Court jurisdiction of

this offence, and it should have proceeded to judgment. This would have been so if there had been a bill sent in that Court and found "a true bill," as in *State v. Neal,* 120 N. C., 613; 58 Am. St. Rep., 810. The jurisdiction of the Superior Court would then have arisen upon the bill of indictment, and not by virtue of the warrant of the Justice of the Peace. The Justice of the Peace had no jurisdiction; the warrant itself showed that, and ousted him of jurisdiction; and as it gave him none, it could give the Superior Court none. While the Superior Court has jurisdiction of *such* violations of the criminal law as that charged against the defendant, it had no jurisdiction over the defendant until he was properly before the Court, upon a bill found or by appeal from a Justice of the Peace who had jurisdiction to try and punish the defendant. In cases where bills are found in the Superior Court, its jurisdiction is original. But in cases of appeal from Justices of the Peace, its jurisdiction is derivative, and it has no more or greater jurisdiction than the Justice of the Peace had; and if the Justice had none, the Superior Court had none. It was, in fact, trying the defendant on a piece of paper containing a charge against him for violating the criminal law of the State, but without its being authorized by a grand jury, or a Justice of the Peace having jurisdiction of the offence, and was therefore not authorized to prefer the charge nor to try the case, and the appeal conferred no jurisdiction on the Superior Court.

We see no error, and the judgment is

Affirmed.