STATE v. W. T. BOSSEE.

(Filed 11 December, 1907).

1. **Indictment—Cruelty to Animals—Poison—Chickens.**
    A charge in an indictment, under Revisal, sec. 3299, of poisoning a chicken, the property of the prosecutor, comes within the purview of the statute as cruelty to animals.

2. **Same—Cruelty to Animals—Jurisdiction.**
    The punishment fixed by Revisal, sec. 3299, cannot exceed "$50 fine or thirty days' imprisonment," and the Superior Court has no original jurisdiction of the offense of cruelty to animals.

3. **Jurisdiction, Defect of—Notice—Supreme Court.**
    A defect of jurisdiction may be taken advantage of for the first time in the Supreme Court, though not raised below. This Court should take notice thereof *ex mero motu.*

CRIMINAL ACTION for cruelty to animals, tried before *Guion, J.,* at August Term, 1907, of the Superior Court of TRANSYLVANIA County.

Upon a special verdict the Court adjudged the defendant not guilty, and the State appealed.

The facts sufficiently appear in the opinion of the Court.

*Assistant Attorney-General Clement* for the State.

No counsel for the defendant.

CLARK, C. J.   The charge against the defendant is set out in proper form, under Revisal, sec. 3299, for cruelty to animals, in poisoning a chicken, the property of the prosecutor. That section enumerates as subjects protected from cruelty "any useful beast, fowl or animal."   It also provides that the words "torture," "torment," or "cruelty," shall "include every act, omission or neglect whereby unjustifiable physical pain, suffering or death is caused or permitted."

It is clear, therefore, that poisoning chickens comes within the purview of the statute, as is held in *State v. Neal,* 120 N. C., at pp. 618-620, citing *State v. Butts,* 92 N. C., 784; *Johnson v. Patterson,* 14 Conn., 1, where a neighbor's chickens were killed by strewing poisoned meal on one's own premises; *Clark v. Keliher,* 107 Mass., 406, where the defendant killed a neighbor's chickens while trespassing, and many other cases.

But we are precluded from going beyond the form of the indictment and passing upon the question whether the defendant is guilty upon the facts found in the special verdict in this case, because Mr. Clement, the Assistant Attorney-General, has frankly and most properly called our attention to the fact that this action originated in the Superior Court, which, under the statute as it now reads, has no original jurisdiction of this offense.

Laws 1891, ch. 65, amending Code, secs. 2482, 2490, fixed the punishment at "not more than $50 fine or thirty days' imprisonment, *or both.*"   As this might exceed the jurisdiction of a justice of the peace, as prescribed by the Constitution, Art. IV, sec. 27, the jurisdiction was vested in the Superior Court.   But in the Revisal, sec. 3299, the words "or both" are stricken out, so that now the punishment cannot exceed "$50 fine or thirty days' imprisonment."   Original jurisdiction of the offense is, therefore, in the court of a justice of the peace.

Whether this omission of the words "or both" in the Revisal, and the consequent transfer of jurisdiction, was inadvertently or intentionally made, the law is so worded. The punishment prescribed determines the jurisdiction. *State v. Lewis,* 142 N. C., 630; *State v. Fesperman,* 108 N. C., 772.

There is no exception on this ground in the record, but a defect of jurisdiction is one of the matters which may be taken advantage of for the first time in this Court, though not raised below. Rule 27 of this Court. Indeed, the Court should take notice thereof *ex mero motu. Fowler v. Fowler,* 131 N. C., 171, and cases there cited.

Action Dismissed.