STATE v. M. B. WILKES.

(Filed 23 May, 1951.)

**1. Criminal Law § 12c—**
   Prosecution for violating a parking meter statute which provides that the punishment shall be a fine of fifty dollars or imprisonment not exceeding thirty days is in the exclusive original jurisdiction of a justice of the peace, and indictments originating in the Superior Court should be quashed on motion.  G.S. 14-4, 7-63, 7-129, Constitution of N. C., Art. IV, sec. 27.

**2. Indictment § 13—**
   An indictment may be quashed for lack of jurisdiction of the court to try the case.

**3. Criminal Law § 83—**
   Where quashal of indictments in the Superior Court is correct because the court was without jurisdiction to try the case, the judgment of dismissal will not be disturbed on appeal irrespective of the reason assigned by the lower court for dismissal.

**4. Appeal and Error § 40l: Criminal Law § 81i—**
   The Supreme Court will not pass on a constitutional question until the necessity for doing so has arisen.

STATE v. WILKES.

APPEAL by the State from *Sink, J.,* at the November Term, 1950, of SCOTLAND.

The grand jury returned two indictments against the defendant, M. B. Wilkes, at the November Term, 1950, of the Superior Court of Scotland County charging that on two occasions during the preceding month he parked his automobile next to a parking meter in a parking meter zone within the corporate limits of the Town of Laurinburg, a municipality, without depositing the required fee in such parking meter in violation of a parking meter ordinance enacted by the governing body of the Town of Laurinburg under the authority of Chapter 66 of the 1947 Session Laws of North Carolina. The indictments were consolidated by consent for the purpose of trial. Before pleading, the defendant moved to quash the indictments upon the ground that the ordinance and the enabling Act are unconstitutional. The court sustained the motion for the reason assigned, and entered judgment quashing the indictments and discharging the defendant. The State appealed under G.S. 15-179, assigning this ruling as error.

*Attorney-General McMullan and James W. Mason for the State, appellant.*

*Varser, McIntyre & Henry for the defendant, appellee.*

ERVIN, J. The law apportions original jurisdiction over criminal cases between the Superior Court and the justice of the peace in this fashion:

1. The Superior Court has original jurisdiction of all criminal actions in which the punishment may exceed a fine of fifty dollars, or imprisonment for thirty days. G.S. 7-63; *S. v. Faulk,* 154 N.C. 638, 70 S.E. 833; *S. v. Wiseman,* 131 N.C. 795, 42 S.E. 826; *S. v. Addington,* 121 N.C. 538, 27 S.E. 988; *S. v. Deaton,* 101 N.C. 728, 7 S.E. 895; *S. v. Hollingsworth,* 100 N.C. 535, 6 S.E. 417; *S. v. Edney,* 80 N.C. 360; *S. v. Hampton,* 77 N.C. 526.

2. The justice of the peace has original jurisdiction of all criminal matters where the punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days. N. C. Constitution, Art. IV, Sec. 27; G.S. 7-129; *S. v. Wilkes,* 149 N.C. 453, 62 S.E. 430; *S. v. Bossee,* 145 N.C. 579, 59 S.E. 879; *S. v. Davis,* 129 N.C. 570, 40 S.E. 112; *S. v. Harrison,* 126 N.C. 1049, 35 S.E. 591; *S. v. Wilson,* 84 N.C. 777; *S. v. Dudley,* 83 N.C. 660; *S. v. Jones,* 83 N.C. 657; *S. v. Craig,* 82 N.C. 668; *S. v. Benthall,* 82 N.C. 664.

The charges against defendant originated in indictments in the Superior Court of Scotland County. This being true, the Superior Court of Scotland County had no jurisdiction to try the charges for the very simple

reason that the parking meter ordinance of the Town of Laurinburg prescribes that "any person . . . violating any provision of this ordinance . . . shall be punished as provided by statute," and the statute specifies that "if any person shall violate an ordinance of a city or town, he . . . shall be fined not exceeding fifty dollars, or imprisoned not exceeding thirty days." G.S. 14-4; *S. v. Wood,* 94 N.C. 855; *S. v. Threadgill,* 76 N.C. 17.

Since an indictment may be quashed or dismissed for lack of jurisdiction of the court to try the case, the presiding judge entered the proper judgment irrespective of the validity of the reason assigned by him for so doing. *S. v. Beasley,* 208 N.C. 318, 180 S.E. 598; *S. v. Rawls,* 203 N.C. 436, 166 S.E. 332; *S. v. Harrison, supra; S. v. Styles,* 76 N.C. 156. In consequence, the judgment quashing the indictments must be affirmed without consideration of the interesting question so ably debated by counsel, *i.e.,* the constitutionality of the ordinance and its underlying enabling act. This course is in keeping with the settled practice that courts do not pass on constitutional questions until the necessity for so doing has arisen. *Horner v. Chamber of Commerce,* 231 N.C. 440, 57 S.E. 2d 789.

Affirmed.